## ROBERT R. KARES *v.* STATE OF MARYLAND

[No. 368, September Term, 1967.]

*Decided June 11, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Gordon H. Levy* for appellant.

*Thomas N. Biddison, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *David E. Eaton, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant Kares was convicted by Judge William J. O'Donnell, sitting without a jury, of daytime housebreaking and larceny of goods of the value of $100.00 or more. He contends on this appeal that his motion for a continuance was improperly denied and that the State did not meet its burden of proving the value of the goods stolen.

Kares broke into the locked apartment of Gerhardt Gibbons and stole a Polaroid camera, model 104, its case, flash attachment and timer, a Sony transister TV and an AM and FM Delmonico clock radio. Gibbons put a value on each item, the total being $223.35, and gave the dates of purchase, which were fairly recent. His testimony came in without objection. King, the manager of the apartment house, after hearing strange noises upstairs, had seen Kares come down the steps of the building, carrying the stolen articles in a box and, knowing he was not a tenant or regular visitor, intercepted him and, after a struggle, held him. Kares put down the box and broke away. King caught him and again held him until the police arrived on the scene.

The State did not list King's name on the information as Maryland Rule 717 requires and, on the morning of trial, Kare's counsel moved for a continuance. Under questioning by the court, counsel said he had not availed himself of Rule 728

a 3 to require the furnishing of "a list of the names and addresses of the witnesses whom the State intends to call to prove its case in chief." Further, it was revealed that the State had told him the name of King (who was no stranger to Kares) and the substance of his testimony several days earlier. We find no abuse of discretion in the refusal of a continuance.

At the trial the only points made or decided were the matter of the continuance and the question of whether the arrest was illegal. The defendant argued it was illegal in an effort to keep out the stolen articles he claimed were the fruits of that arrest. Judge O'Donnell held that the arrest was legal and that the box of stolen articles had been abandoned. No challenge is made here to the correctness of these findings. The only challenge on the merits is as to the implicit finding below that the goods stolen were worth $100.00 or more. As we have noted, there was no objection to their owner testifying, after refreshing his recollection of their purchase prices, that their value was what they had cost. The owner's appraisal had probative force, *Cofflin v. State,* 230 Md. 139, and the trier of fact could, aided by the relatively recent purchase prices, estimate the value of these ordinary articles, each of which had been precisely described without the help of expert testimony. *Shipley v. State,* 220 Md. 463.

*Judgments affirmed.*