**Larry BRITTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9380.**

District of Columbia Court of Appeals.

Submitted Nov. 19, 1975.

Decided Jan. 29, 1976.

Benjamin F. Amos, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, William J. Hardy and Robert A. Shuker, Asst. U. S. Attys., were on the brief for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

PER CURIAM:

This is an appeal from a jury trial conviction of armed robbery in violation of D.C.Code 1973, §§ 22–2901, –3202. The sole issue presented on appeal is whether the trial court erred by refusing to require the government to disclose information in its possession concerning past voting records of members of the jury panel. We affirm.

During *voir dire* of the jury panel, appellant's trial counsel inquired whether the government possessed any information regarding the performance of members of

the panel in prior criminal jury trials. The government responded that it did possess internal working notes of several Assistant United States Attorneys who had tried cases before juries drawn from the present panel. Appellant's counsel immediately moved for the production of this information. The trial court denied both this motion and a subsequent motion for a mistrial. Appellant was thereafter convicted of armed robbery and this appeal followed.

■■ The general rule is that there is no duty to disclose material pertaining to public aspects of a juror's service, unless there has been a prior governmental impetus affecting a juror's prior service of a nature likely to escape the attention of a reasonably diligent defense counsel. *See, e. g., United States v. Kyle,* 152 U.S.App. D.C. 141, 145, 469 F.2d 547, 550–51 (1972), *cert. denied,* 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973). In the instant case, appellant points to no exceptional circumstances which would mandate such a disclosure.

Appellant contends that under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the trial court erred in refusing to require disclosure since the information contained in the notes would have been favorable and beneficial to the defense. We disagree.

The heart of the *Brady* holding is contained in the following language:

[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

[*Id.* at 87, 83 S.Ct. at 1196.]

Since the jury panel information was neither evidence nor was it material to the guilt or punishment of appellant, its production was clearly not mandated under *Brady.*

We find no error in the trial court's refusal to require disclosure of the jury panel information.

*Affirmed.*