# JOHN H. COUSER *v.* STATE OF MARYLAND

[No. 1033, September Term, 1976.]

*Decided June 13, 1977.*

486

The cause was argued before THOMPSON, MENCHINE and LOWE, JJ.

*Richard M. Karceski, Assigned Public Defender,* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Ronald Owens, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John H. Couser, the appellant, was convicted of possession of a controlled dangerous substance with intent to distribute by a jury in the Criminal Court of Baltimore, Judge Paul A. Dorf presiding. He was sentenced to twenty years imprisonment. On this appeal he raises the following seven questions:

> "1. Did the trial court clearly abuse its discretion in refusing the Appellant's request for disclosure of the State's dossier on prospective jurors?
>
> "2. Was the application supporting the State's request for the issuance of a search and seizure warrant defective and did its accompanying affidavit fail to demonstrate probable cause?
>
> "3. Did the trial court clearly abuse its discretion

in refusing to grant the Appellant a new trial based on newly discovered evidence?

"4. Was the Appellant denied his right to reject jurors of his choosing as a result of the State's failure to include the name of Sinceray Jones in its voir dire to the trial court?

"5. Did the trial court abuse its discretion in refusing to grant a mistrial, continuance or postponement when the state chose to call Miss Sinceray Jones to testify in its case in chief?

"6. Was the trial court's instruction to the jury on the issue of reasonable doubt clearly erroneous?

"7. Was the Appellant denied his right to a fair trial because of the cumulative effect of numerous errors which occurred during his trial?"

On April 13, 1976, members of the Baltimore City Narcotics Squad, armed with a search and seizure warrant, forced entry into Apartment No. 1405, 221 North Fremont Avenue, Baltimore City. Detective James Butts testified that upon entering the premises he went directly to the rear of the apartment and observed the appellant run from the bedroom door toward the bedroom window. At that time, he ordered the appellant to stop, apprehended and handcuffed him. The appellant was advised of the warrant and a search of the premises was conducted. As the result of this search, the following were seized: various aluminum packets of white powder which were determined to be an opium derivative, a blue plastic container inside of which were ten aluminum packets of white powder, a yellow plastic container with a large packet of white powder inside, glassine bags, measuring spoons, a sifter, and aluminum paper. The white powder was analyzed and determined to be heroin.

Sinceray Jones, a co-defendant, testified pursuant to a plea bargain with the State. She stated that on the day in question she resided at 221 North Fremont Avenue, Apartment 1405. It was the appellant's practice to store heroin in the apartment. Miss Jones would sell the heroin for

the appellant from time to time. She testified that on April 13, 1976, she left her apartment at approximately 2:30 p.m. There was no heroin in the apartment at that time because she had sold the supply earlier that morning. She stated that all the drugs and paraphernalia recovered were the property of the appellant.

The appellant took the stand and admitted being on the premises at the time of the search, but stated that he was not aware that there were any drugs in the apartment.

## I Discovery of State's Dossier on Jurors

The appellant's first allegation of error is that the trial court abused its discretion in refusing the appellant's request for disclosure of the State's dossier on prospective jurors. The record shows that during the jury selection defense counsel stated, "[T]he State's Attorneys are equipped with juror lists that give them sort of a scoreboard on how things have developed and I don't have it. I would ask the Court to allow me to have it." The State's Attorney replied that the list was the combined work product of the various members of the State's Attorney's office. The trial court stated:

> "If we're going to force each person to show their work product and to sell them, I just don't think that's the purpose of allowing people to investigate on their own. As far as jurors are concerned. But the one exception as to a criminal record or with the exception if in fact the State is aware of the fact that any person is lying under oath. Then I think as an officer of the Court it's their duty to bring that out to the Court's attention. But I'm not going to ask that the records be sealed."

The State's Attorney then gave the court the names of several jurors that his information showed had prior criminal records. The appellant cites *Britton v. United States*, D.C. App., 350 A. 2d 734 (1976); *People v. Aldridge*, 47 Mich. App. 639, 209 N.W.2d 796 (1973); *Losavio v. Mayber*, Colo., 496 P. 2d 1032 (1972) and *Commonwealth v.*

*Smith*, 350 Mass. 600, 215 N.E.2d 897 (1966) for his contention that fundamental fairness required placing the defendant upon equal footing with the prosecutor by requiring the prosecutor's investigatory report upon prospective jurors be disclosed. In addition, he contends that it is the trial court and not the prosecutor that should control such decisions.

The State contends that the appellant waived his objection to the denial of his request for the use of the State's Attorney's dossier when he stated that the panel was acceptable to the defense, citing *Glover, Robinson & Gilmore v. State*, 273 Md. 448, 452, 330 A. 2d 201 (1975) and *Neusbaum v. State*, 156 Md. 149, 143 A. 872 (1928). We find the case of *Tisdale v. State*, 30 Md. App. 334, 353 A. 2d 653 (1976), to be more directly on point. In that case we found that counsel's response that the jury ultimately selected was "acceptable" was merely obedient to the court's ruling and obviously not a withdrawal of the prior objection, timely made.

We note that the appellant filed no motion for discovery and inspection prior to trial under Md. Rule 728. Even if such a motion had been filed, the prosecutor's notes on prospective jurors is not a matter which is subject to disclosure under the rule. This basis alone has been held sufficient to deny a defendant's request for disclosure of a jury investigation report. *Commonwealth v. Foster*, 219 Pa. Super, 127, 280 A. 2d 602 (1971). Society, however, wins not only when the guilty are convicted, but when criminal trials are fair; thus, literal compliance with Md. Rule 728 may not always satisfy the requirements of fundamental fairness. *Brady v. Maryland*, 373 U. S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963); *Powell v. State*, 16 Md. App. 685, 694, n. 1, 299 A. 2d 454 (1973). Notes on prospective jurors do not fall within the confines of *Brady v. Maryland, supra*, because jury panel information is neither evidence nor is it material to the guilt or punishment of the accused. *Britton v. United States, supra*. Due process requires, however, that the entire criminal process be conducted without unfair prejudice to the accused. The State is required to provide an accused with an impartial jury under Art. 21 of the Maryland Declaration

of Rights. The prosecutor is an arm of the executive branch of the government. *Powell, supra* at 694, n. 1. It would be improper, for instance, for the prosecutor to withhold information which would reasonably reflect the inability of a juror to render an impartial verdict. *Cf. Bristow v. State,* 242 Md. 283, 219 A. 2d 33 (1966). With this in mind we view the case at bar.

In assessing whether due process or fundamental fairness required the disclosure of the prosecutor's notes, we take cognizance of the fact that no intelligent concept of fairness has ever been advanced which would require the State to prepare a defendant's case or to furnish him with favorable evidence which is as easily accessible to him as to the State. *State v. Crawford,* Fla., 257 So. 2d 898, 899 (1972). Where defense counsel has been insufficiently diligent in examining that which is available to him before the time for jury selection, the prosecution will not be required to come to his aid. *People v. Heard,* 58 Mich. App. 312, 227 N.W.2d 331, 334 (1975).

Another recognized restriction on discovery is the "work product" doctrine. This doctrine has been defined in the following manner:

> "(a) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the prosecuting attorney or members of his legal staff." *American Bar Association Project on Standards for Criminal Justice: Standards Relating to Discovery and Procedures Before Trial,* Standard 2.6 (Approved draft, 1970).

Where the notes of the prosecutor consist of ideas and notions on prospective jurors as the result of personal observations of himself and fellow prosecutors, the information would be protected by this work product exception. *See People v. Heard, supra* at 334.

It is within the discretionary power of the trial court to adjudge, if requested, whether or not any additional

information sought by appellant is material and should be disclosed by the State. *Alston v. State*, 11 Md. App. 624, 628, 276 A. 2d 225 (1971). It was within his power, therefore, to view the prosecutor's notes and determine whether or not due process or fundamental fairness required disclosure. He was informed by the Assistant State's Attorney that the dossier was comprised of an assessment by the staff of the State's Attorney's office of prospective jurors as a result of their comments under prior *voir dire* examination. The trial judge recognized that this information would come within the work product doctrine. Where there were no specific grounds alleged to strike a juror for cause, there was no need for the trial judge to inspect the prosecutor's notes. *People v. Brawley*, 82 Cal. Rptr. 161, 461 P. 2d 361, 370 (1969). The trial judge was careful to inform the prosecutor that if he was aware of any criminal record of one of the prospective jurors or that they were lying under oath, then those facts must be disclosed. This is in accord with the holdings in some states. *See Losavio v. Mayber, supra; Robertson v. State*, Fla. App., 262 So. 2d 692 (1972). The prosecutor revealed that information which he had concerning the criminal record of any of the prospective jurors. We see no denial of appellant's right to due process.

The other cases cited by the appellant are inapposite. *People v. Aldridge, supra*, was overruled by *People v. Stinson*, 58 Mich. App. 243, 227 N.W.2d 303 (1975). In *People v. Stinson, supra* at 310 the Michigan Court noted that *Commonwealth v. Smith, supra*, which unlike the case at bar dealt with the use of police investigation of prospective jurors, relied on by the appellant, said that while the information gathered by the police should be available to both sides, the subject could appropriately be dealt with in a rule of court. Absent any indication that the jury which was impaneled was prejudiced against the appellant, the court did not err in denying the motion for disclosure of the investigative report. We hold, in the case at bar, that absent any showing that the accused was denied an impartial jury, and that any of the dossier was otherwise discoverable, the trial judge did not err in denying the request for the

disclosure of the prosecutor's dossier on prospective jurors. *See* 78 A.L.R.2d 309.

## II Search Warrant

Appellant's second contention is that the application for the issuance of the search and seizure warrant was defective because it failed to state the address of the premises to be searched. He alleges that while the affidavit supporting the application sufficiently identified the place, the judge may not look behind the application when issuing a warrant for the search of a person or place.

*Md. Code*, Art. 27, § 551 (a) states that a judge may issue a search warrant when it is shown by written application, signed and sworn to by the applicant, accompanied by an affidavit containing facts within the personal knowledge of the affiant, that there is probable cause to believe that a crime is being committed by an individual or on a certain premises and the evidence of the crime is upon that person or within that place to be searched. *See also Buckner v. State,* 11 Md. App. 55, 61, 272 A. 2d 828 (1971). The applicant for the warrant presented the judge a partially filled out sworn application (police department form No. 67/188) which also stated: "And that the facts tending to establish grounds for issuance of Search Warrant are set forth in the Affidavit(s) attached thereto and made a part hereof." The affidavit attached thereto supplied the blanks in the application when it commenced by stating:

> "Affidavit in support of a Search and Seizure Warrant for the below described persons, place and vehicle. Sinceray Ann Jones, a female negro, born 6/28/58, police I.D. 5Y9538, (Youth custody number). John Henry Couser, male negro, born 9/4/33, police I.D. No. 76-611. The premises known as 221 N. Freemont (sic) Avenue, APT. 1405, described as a multi-dwelling, highrise complex building. A late model OLDSMOBILE temp. reg. M78553, green in color."

The trial judge then issued the warrant particularly describing the persons, place and vehicle as set out in the

affidavit. The trial judge must consider both the application and the affidavit when considering whether there was probable cause to issue the warrant. In this situation, the affidavit was specifically incorporated by reference and became part of the application in regard to the persons, premises and vehicle to be searched. The issuing judge was sufficiently informed by the applicant that the warrant was to include the premises in question. The warrant issued by the judge sufficiently described the premises and thus could not be considered a "general warrant."

*Frey v. State*, 3 Md. App. 38, 47, 237 A. 2d 774 (1968), held a warrant valid even though it lacked a description of the place to be searched, where the affidavit which described the premises was incorporated by reference. As the affidavit can supply the missing gap in a warrant, we hold that it can also supply the missing gaps in the application for the warrant. *See also Giles v. State*, 10 Md. App. 593, 597, 271 A. 2d 766 (1970), and *Harris and Schmitt v. State*, 17 Md. App. 484, 302 A. 2d 655 (1973).

### III  New  Trial

Following his conviction, appellant made a timely motion for a new trial. One of the grounds argued at the hearing in support of his motion was that the appellant had received a letter from Sinceray Jones after the conclusion of his trial which stated as follows:

"John,

I really don't know how you feel about me at the present but I only did what I thought was the right thing to do. I had no choice. They said if I testify against you that all my charges would be dropped and I had a possession they gave me probation and a drug program. I feel that why both of us go to jail. It wasn't yours. But I never would tell everything. Because John I really love you, you probably take that hard to believe but it's the God's heaven truth. I really didn't want this to happen but you think about it. I admit that I was involve I told that

State's Attorney that. I'm really lost for words because in my heart I don't really want it to be this away. I feel I'm so infamous doing this. Darling it's hurting me very badly. I don't know what to do because I feel you'll hate me for the rest of my life. If I didn't do this the State's Attorney told me I would get 25 years. So I did. Honey I'll try to help you. IF'S THERE'S ANYTHING I CAN DO PLEASE LET ME KNOW. REGUARDLESS WELL SWEETHEART I STILL LOVE YOU VERY MUCH. LOVE YOU ALWAYS N-4-EVER. DON'T TAKE ME OFF YOUR VISITING LIST.

> Love you always
> Sinceray"

He now argues on this appeal that the trial court clearly abused its discretion in refusing to grant the appellant a new trial based on this newly discovered evidence.

The ruling on a motion for a new trial lies within the sound discretion of the trial court and its decision upon such a motion will not be disturbed on appeal except for the most extraordinary and compelling reasons. *Jones v. State*, 16 Md. App. 472, 476, 298 A. 2d 483 (1973). In ruling on the motion for the new trial in the case at bar the judge stated:

> ". . . she indicated strong feelings for the Defendant on the witness stand and made it known that it was difficult for her to testify. She readily admitted that she knew if she would go to trial she could be going to jail, and she said that she was involved and didn't want to go to jail, and it was a matter — these may not be the exact words that she put it in — it was a matter of love versus survival."

The judge found in effect that the letter did not in any way change her testimony. After reviewing the record and the letter, we agree with the trial judge's assessment of both.

At the trial the witness made it perfectly clear to the jury that she was testifying as the result of a plea bargain. She further testified concerning her involvement with the

appellant. The jury found her testimony that the drugs were the property of the appellant to be credible and the trial judge found nothing in the letter to contradict this. We see no abuse of discretion in that finding.

Appellant also contends that the trial court abused its discretion when it refused to permit the appellant to call Miss Jones as a witness at the hearing on the motion for the new trial. When defense counsel requested to call Miss Jones to the stand, the trial judge stated that he did not want to retry the case. Defense counsel replied, "I would like to, of course, if the court is saying I can't, I won't be able to do so." The purpose of the hearing on the motion for retrial is not to retry the case. There was no proffer that the witness would recant her prior testimony. Under these circumstances, the trial judge's prohibition of this testimony did not amount to an abuse of discretion.

## IV  Voir Dire

The appellant's fourth contention is that he was denied proper exercise of his right to peremptory challenges of the jury as the result of the State's failure to include the name of Sinceray Jones in its *voir dire* to the trial court. The list of prospective witnesses supplied by the State did not include the name of Sinceray Jones, who was eventually called by the State to testify. Appellant asserts that had he been advised at the outset of the proceedings the State was to call Miss Jones, he would have requested a more detailed *voir dire* of the prospective jury panel, and would certainly have been able to better employ the use of his peremptory challenges.

One complete answer to the argument, as given, is that the purpose of *voir dire* is to determine whether there is cause for challenge, not to make for a more intelligent use of peremptory challenges. *Goldstein v. State*, 220 Md. 39, 150 A. 2d 900 (1959); *Collins v. State*, 14 Md. App. 674, 288 A. 2d 221 (1972), *cert. denied*, 409 U. S. 882, 93 S. Ct. 169, 34 L.Ed.2d 137 (1972).

We note that no discovery was filed by the appellant so his

contention does not rest on a violation of that rule. We also note that there is no allegation that the State was intentionally deceiving the appellant in order to gain an unfair advantage. The State's Attorney informed the court that he did not know that Sinceray Jones would testify until the day the trial actually started after the jury had been impaneled. As soon as he realized that she would testify he so informed defense counsel.

We see no merit to appellant's contention that the failure to disclose the name of Sinceray Jones by the State in any way violated the appellant's right to a trial by an impartial jury as guaranteed by Art. 21 of the Maryland Declaration of Rights, or that he was precluded from determining possible causes of disqualification. As soon as the trial court determined that Miss Jones would be called as a witness he halted the proceedings and conducted further *voir dire*. While one juror stated that he had had some contact previously with Miss Jones, he also stated that it would in no way influence his decision. Appellant's counsel stated that he had no objection to having that juror continue. No other juror had had any contact previously with that witness. A challenge to an individual juror for cause normally must be made before the juror is sworn or at least before any evidence is received. Md. Rule 744. Where cause for challenge was not reasonably known to a defendant until after commencement of the trial, as was the situation in this case, it was still not too late to object to the juror's qualification. *Bristow v. State, supra.* When there was no objection by the appellant after the subsequent examination he waived any challenge to the jury. *Bristow v. State, supra.*

### V Motion for Mistrial

Appellant contends that the trial court abused its discretion when it refused to grant a mistrial, continuance or postponement at the time the State chose to call Miss Jones to the witness stand. He contends that under Md. Rule 717 he was entitled to such relief because the name of

Sinceray Jones did not appear on the criminal information.[1] The record discloses that no continuance or postponement was requested, thus these questions are not before us. The granting or refusal to grant a mistrial is within the sound discretion of the trial judge whose decision will not be reversed on appeal except for clear abuse of discretion. *Mills v. State*, 12 Md. App. 449, 459, 279 A. 2d 473 (1971). The record in the case at bar shows that the appellant was aware that Miss Jones would testify at the time the first witness was testifying. It was no actual surprise, therefore, to the appellant when Miss Jones was called. The witness was a co-defendant with the appellant and an intimate acquaintance. In *Kares v. State*, 4 Md. App. 366, 242 A. 2d 817 (1968), it was held that where defense counsel had not availed himself of the discovery rule to require the furnishing of the names of the witnesses and it had previously been revealed to him that the particular witness would testify there was no abuse of discretion in the refusal to grant a continuance. We see no abuse of discretion in the denial of the motion for mistrial in the instant case.

### VI Reasonable Doubt

Under this heading, appellant takes a quotation from *State v. Grady*, 276 Md. 178, 182, 345 A. 2d 436 (1975) that, "[e]vidence of alibi should come into a case like any other evidence and must be submitted to the jury for consideration of whether the evidence as a whole on the issue of presence proves the defendant's guilt beyond a reasonable doubt," and contends that the trial court erred when it refused to give this instruction. He alleges that the instruction was requested by the following:

"Mr. Karceski: I'm wrong. Just in that last business about Mr. Couser's testimony, I do feel

---

1. Md. Rule 717 states: "When an indictment is filed, the names of the witnesses on whose evidence it was based shall be endorsed thereon. Failure so to endorse the names shall not affect the validity or sufficiency of the indictment, or the admissibility of other evidence, but the court, on motion of the defendant, shall direct the names to be so endorsed, or otherwise furnished to the defendant, and may grant such continuance or postponement of the case as justice may require."

under Beckett v. State, the latest line of cases as to alibi witnesses, even though this isn't an alibi, he's not denying his presence at the scene, but he is denying his criminal agency.

The Court: Let me see the Beckett case.

Mr. Karceski: It does not necessarily mean he doesn't have to have been there or was another place. He's just denying his criminal agency. I would ask the Court to ask the Jury to consider all of the testimony, including that of the defendant as he denies his participation in these crimes to form any basis of proof or lack of proof."

As we read the record, the only instruction requested by the appellant at this point was for the jury to consider all of the testimony including that of the appellant. We find that the instructions as given sufficiently covered appellant's request. The alibi instruction raised on this appeal was not requested below. The trial court, in a criminal case, is obliged to give advisory instructions on every point of law essential to the crime charged and supported by the evidence only where a request for such instructions is made. *Carter v. State,* 15 Md. App. 242, 289 A. 2d 837 (1972). In addition there was no evidence to support the alibi instruction.

## VII Miscellaneous Contentions

Appellant's seventh contention is that he was denied his right to a fair trial because of the cumulative effect of numerous errors which occurred during his trial. Under this contention he incorporates his previous six arguments. We have found no reversible error, as alleged by the appellant, and for that reason see no merit to his contention that he was denied a fair trial because of these alleged six errors. He also alleges three additional errors that were made during his trial: (1) the State's Attorney produced prejudicial evidence before the jury with no intention and no ability to offer such into evidence; (2) the trial court erred in permitting one of the police officers to testify as an expert witness in the area of drug traffic of street drugs; and (3) the

State's Attorney made comments during closing argument which appealed to the passion and prejudice of the jury.

As to Item No. 1 appellant alleges prejudice because drug paraphernalia was not offered into evidence after being marked for identification. We fail to see how the appellant has suffered any prejudice. He was acquitted on the charge of possession of paraphernalia and the jury was instructed by the trial court to consider only evidence properly admitted in the case and exhibits which had not been marked into evidence were not to be considered by the jury. This instruction was sufficient to remove any prejudice which may have been caused by the offering of the paraphernalia simply for identification. The contention that the prosecutor had the evidence marked, knowing it could not be identified is not supported by the record.

The appellant's contention that the trial court abused its discretion by permitting one of the police officers to testify as an expert in the area of "drug traffic of street drugs" is equally without merit. It is well established that police officers possessed of special knowledge gained from a background of experience will, in the discretion of the trial court, be permitted to express an expert opinion in the area of that special knowledge. *Butler v. State*, 19 Md. App. 601, 613, 313 A. 2d 554 (1974). The police officer testified that he had attended the seminar sponsored by The Bureau of Narcotics and Dangerous Drugs and had worked in the capacity of investigating narcotics violations for approximately five years. During that time he had made approximately 300 arrests. Of the cases that have come to trial and are now concluded, he had a conviction rate of approximately 75 to 85%. He had worked undercover in the Eastern District strictly in narcotics for three years and had worked for two years with the Criminal Investigation Unit at Headquarters, strictly in narcotics investigations. We see no abuse of discretion in the trial judge's finding that the officer was an expert in the field of drug trafficking.

During the course of his closing argument the prosecutor

stated: "Let me just say this to you, by your vote you can say no to drug dealers, to people who rain destruction." At this point defense counsel objected. The trial judge then gave the following curative instruction:

> ". . . cannot be influenced in your decision by questions of public interest or public policy or the effect that your verdict would have upon other persons charged with either similar crimes or other type crimes or whether your verdict would or would not be pleasing to anyone. In other words, you should not be led or swayed by any emotions or sympathy in reaching your verdict or how it would react upon anyone else. Other than how it would react in this case."

It is fundamental to a fair trial that the prosecutor make no remarks calculated to unfairly prejudice the jury against the defendant. *Reidy v. State*, 8 Md. App. 169, 172, 259 A. 2d 66 (1969). The rule is, however, that unless it appears that the jury was actually misled or likely to have been misled or influenced to the prejudice of the accused by the remarks of the State's Attorney, reversal of the conviction on this ground will not be justified. *Holbrook v. State*, 6 Md. App. 265, 250 A. 2d 904 (1969). While we do not consider the remarks by the State's Attorney proper, we do not think that they were a sufficient basis for finding that the jury either was misled or was likely to have been misled to the prejudice of the accused. *Compare Wood v. State*, 192 Md. 643, 651-652, 65 A. 2d 316 (1949), where the State's Attorney stated that it was his policy to stop the carrying of guns, that he would send everyone to jail that carries a gun, that the defendant was in an establishment where people carry guns and, as so often happens in that type of place, somebody got hurt because somebody came in there with a gun. The Court refused to reverse even without an admonishment by the trial court, where the State's Attorney said the only issue before the court in the particular case was the guilt of the accused. We hold that the trial court

502

took sufficiently appropriate action as the exigencies of the situation required to overcome the likelihood of prejudice when he gave his curative instructions. *Wilhelm v. State*, 272 Md. 404, 423, 424, 326 A. 2d 707 (1974).

*Judgment affirmed.*
*Appellant to pay the costs.*