882 A.2d 889

**Kenneth Lorenzo GRAVELY**

v.

**STATE of Maryland.**

**No. 2603, Sept. Term 2003.**

Court of Special Appeals of Maryland.

Sept. 8, 2005.

78

Michael R. Braudes (Nancy S. Forster, Public Defender, on brief), for appellant.

Devy Russell (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel SALMON, KENNEY, EYLER, DEBORAH S., JJ.

KENNEY, J.

On December 16, 2003, Kenneth Gravely, appellant, acting *pro se*, filed a motion for new trial in the Circuit Court for Prince George's County on the grounds of newly discovered evidence. The circuit court denied appellant's motion as "moot," without further comment, on December 22, 2003. Appellant presents two questions for our review, which we have consolidated and reworded as follows:

Did the circuit court err in denying appellant's December 16, 2003 motion for a new trial?

For the following reasons, we affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL HISTORY

On March 6, 2002, a jury sitting in the Circuit Court for Prince George's County convicted appellant of first degree

murder, conspiracy to commit murder, and solicitation to commit murder. Before sentencing, on March 15, 2002, appellant mailed a letter to the court claiming that he was denied effective assistance of counsel and deprived of his right to testify. On May 15, 2002, appellant's new counsel filed a motion in the circuit court entitled "Supplement to Defendant's Motion for New Trial" ("Supplement I"). In Supplement I, counsel for appellant argued, among other things, that appellant's March 15 letter should be treated as a motion for a new trial under Maryland Rule 4–331(a) and that, since appellant's trial, new evidence had been discovered that the State had failed to provide appellant with written statements he had made, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Appellant's sentencing was scheduled for December 17, 2002. At the commencement of the sentencing proceeding, counsel for appellant filed a "Second Supplement to Motion for New Trial" ("Supplement II"), in which counsel for appellant claimed, among other things, that the following evidence was newly discovered and had been withheld by the State in violation of *Brady* and Maryland Rule 4–263: [1]

(A) Defendant wrote several statements for the police during his detention on June 1–2, 2001. The State has only provided a single written statement from that interview.

(B) Defendant was interviewed by several investigators during his detention on June 1–2, 2001. He provided each investigator with a consistent version of events. The State provided the defendant with notes from only two investigators, Hoffman and Conto, who interviewed him during that detention. Notes of additional investigators have been withheld.

(C) Defendant was interviewed by Detective Rhone for approximately 10 hours during his detention on June 12,

---

1. Rule 4–263(a) provides, in relevant part, that "without necessity of a request, the State's Attorney shall furnish to the defendant: (1)[a]ny material or information tending to negate or mitigate the guilt or punishment of the defendant as to the offense charged."

2001. During that interview, the defendant provided Detective Rhone with an exculpatory version of events. Notes from that interview have been withheld.

(D) The State provided witness Christine Bailey with monetary assistance as a result of her cooperation in this matter. The State failed to reveal this fact to defense counsel prior to the trial of this matter.

Apparently having received a copy of Supplement II prior to the sentencing hearing, the State filed an answer at the hearing, in which it claimed that appellant's motion was not timely filed, that the evidence complained of was not newly discovered, that the evidence was disclosed to appellant's trial counsel, and that the motion raised issues, including the effectiveness of appellant's trial counsel, which could only be addressed in a postconviction proceeding.

The court then heard argument on appellant's motion for a new trial. Initially, counsel for appellant argued that appellant's March 15 letter, in which appellant explained that he was wrongly imprisoned and was denied effective assistance of counsel, should be treated as a motion for a new trial pursuant to Rule 4–331(a).[2] The State opposed appellant's request, claiming that ineffectiveness of counsel was not a basis for awarding a new trial and was, more properly, a matter for postconviction. Alternatively, the State argued that the letter did not comport with the Rules, pointing out that, in his March 15 letter, appellant never even requested a new trial. Ruling on appellant's motion to treat the March 15 letter as a motion for new trial pursuant to Rule 4–331(a), the court stated:

I'm going to deny the Motion for New Trial.

There is a remedy for ineffectiveness of counsel, and I agree it is better done in a post-conviction proceeding,

---

**2.** That rule provides, in relevant part: "(a) **Within ten days of verdict.** On motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial." Md. Rule 4–331(a).

because there is going to be transcripts, there is going to be the opportunity for testimony—all of that.

*     *     *

Also I find that the letter was not enough to preserve the time requirements for the purpose of new trial, . . . .

Counsel for appellant then argued that appellant should be awarded a new trial pursuant Rule 4–331(c) on the basis of the newly discovered evidence as cited in Supplements I and II.[3] The following colloquy occurred, which we quote at length, due to its importance to this appeal:

[Counsel for appellant]: Now, there is there's—also, Your Honor, as a portion of our Motion for New Trial, there was—an argument that there was newly-discovered evidence. That's obviously—there is no time limitation.

The Court: Well, I read that to be that there is different evidence but not necessarily newly-discovered, discoverable.

[Counsel for appellant]: Actually, there is newly-discovered evidence. It's a small point, and something we could probably deal with in a fairly short shrift.

A small but very important point: There was provided to us by the government . . .

*     *     *

[The State]: I thought the Court denied the motion, based upon-

The Court: I did.

[Counsel for appellant]: I was just—

The Court: I was just giving you the opportunity to put whatever you wanted on the record.

---

3.   Rule 4–331(c) provides, in pertinent part:
    (c) **Newly discovered evidence.** The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:
       (1) on motion filed within one year after the date of the court imposed sentence or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later[.]

[The State]: Okay.

The Court: I've already ruled on it, but, you know, there's a way—when I was out there, making a living, I wanted, at least, to have the opportunity to spread the information on the record, so it was preserved in case the judge made a mistake, and I—I don't have any problem with that.

[Counsel for appellant]: Your Honor, in terms of the Motion for New Trial, I mean, maybe it wasn't presented in quite a way that is understandable, but I understand that there is a time—that's my—

The Court: Trying to say the judge is dumb, but that's all right, counsel.

Go ahead.

[Counsel for appellant]: There is a time as to a Motion for New Trial.

The Court: Right.

[Counsel for appellant]: There is no time limit, with regard to Part C of the Rule 4–331C, which is newly discovered evidence.

Under that portion of the Rule, [t]he Court may grant a new trial or other appropriate relief, on the ground of newly-discovered evidence which could not have been discovered by due diligence in time to move for a new trial.

The Court: And what is it that you have—

\* \* \*

[Counsel for appellant]: On September 18, we were provided with information by the State's Attorney's Office that the main witness, in this case, Christina Bailey (phonetic), was provided $2,070, as part of a relocation fee.

The Court: Relocation fee.

\* \* \*

The Court: I think I was aware of that at the trial; I mean, I think I was aware of it, as part of the evidence, that she was given relocation.

[Counsel for appellant]: No, I have the trial transcript, and it wasn't in the trial transcript, and we have—[appellant's

trial counsel] is here, available to testify, but I think [the State] will stipulate that was something that was just provided to us on September 18, 2002.

[The State]: That's correct.

\* \* \*

[The State]: I don't recall giving it to [appellant's trial counsel]. . . .

[Counsel for appellant]: And I—I've requested, also, from the State's Attorney's Office, any documentation that might support that payment, and I think that that's important Your Honor, because we don't really know who this—who this money was paid to, and that would be relevant and may go to her bias.

The Court: Okay.

[Counsel for appellant]: And, so, I've not been provided any documentation, as to who this money was paid to, and I would request that, at this time.

[The State]: Well, I have, for [t]he Court—we provided a request for it. It kind of defeats the purpose of relocating someone if we show the Defense who we relocated to.

This money was not paid to a witness, in any way. We have the—in fact—release of the person that it was paid to and the check to that person.

I'll show [t]he Court, in camera, if [t]he Court would like to, but I don't think you—I'm not going to show it, unless—

The Court: I don't—I don't need to look at it.

[The State]: Okay.

[Counsel for appellant]: And, obviously [t]he [c]ourt's not going to allow me to view it.

The Court: No. I'm not.

[Counsel for appellant]: I understand the security concerns.

The Court: Well, I'm doing that on the record, just so the record's clear when you go down.

[Counsel for appellant]: Okay; and, for the record, I would just say that I have information that this money was paid to an individual who is a relative of Miss Bailey (phonetic), the

witness, and, so, I think that would play into whether or not there's some bias on her part.

If she's indirectly receiving the money as, essentially, a payment, it could go to her bias, in this case, and her desire to curry favor with the State, and, so, that's my proffer, for the record.

The Court: Okay. Sure.

[Counsel for Appellant]: Your Honor, in terms of the Motion for New Trial, I think this—this portion, this is not something that the Defense was aware of at the trial of this matter. This is, for that reason, newly-discovered evidence, one, and, secondly, Your Honor, I would contend that this is very clearly Brady material.

The Court: Might be.

[The State], didn't—I—my recollection was that there was knowledge that she would be relocated. Maybe not the amount of money.

[The State]: Maybe not the amount of money[.] I don't know. I don't know.

The Court: Really ...

Might be wrong.

✧     *     *

[Counsel for appellant]: Your Honor, if this isn't clear, maybe an evidentiary hearing is necessary.

The Court: Well, I think it might go—

[Counsel for appellant]: [The State] clearly told me that [appellant's trial counsel] ... had not been provided with this.

The Court: Well, he just said—he just told me—and it's on the record—that he has no recollection of telling [appellant's trial counsel] ... how much was paid or who it was paid to.

[Counsel for appellant]: Right; and I can tell you I've read the trial transcript. There is no reference to it, and, if there is some implication here that, perhaps, the Defense was aware of it, then, that's something we need to clear up.

The Court: Well, my point is that, if the Defense was aware of it and it wasn't used, that would be an appropriate post-conviction proceeding, which everyone, then, has a chance to explain what was going on.

[The State]: And, as counsel said, as we have due diligence, he asked me what moneys were paid to relocate witnesses. I just gave it to him. Anybody who would have asked, I would have given it to.

It's not the normal course. There were a number of people, number of trials, where witnesses were relocated for a short time or long time.

\*　　\*　　\*

[Counsel for appellant]: Your Honor, also, attached to the letter that I've submitted, these materials were all provided to me at my request.

These are all materials that were not provided to the Defense, in this case, and the only thing that I would point to specifically, in terms of something that I believe violated Brady, is the notes of Detective Frank Kenfeld ..., in which he interviews [appellant] on the date of his arrest.

[Appellant] gives him an accounting of his whereabouts during the day of the murder, and I believe that is exculpatory evidence. He essentially gives an alibi.

Now the reason that this is important: [appellant]—or, [appellant's trial counsel], in this case—had to make certain strategic decisions, as to how to present this case, and, had he known that [appellant], on the date of his arrest, asserted his innocence and gave an alibi that would have played into his defense, this is something that is definitely exculpatory and should have been provided to [appellant's trial counsel] [. . .] in this case, and, in terms of the—payment to Christine Bailey [ ]—again, something that was exculpatory—it went to her bias and should have been—should have been provided, and [t]he Court—recalls who Christine Bailey [ ] was and the nature of—the nature of her testimony.

The Court: Okay. New trial, denied.

.

Following the court's consideration of appellant's motion for a new trial, the court sentenced appellant to life imprisonment. The court's order dated December 17, 2002, and the docket sheet entries from that date, reflect that the court denied both "[d]efendant's motion to treat letter from defendant dated 9/18/02 [*sic*] as timely filed motion for new trial"[4] and "[d]efendant's motion for new trial."

Appellant subsequently appealed his conviction to this Court, which we affirmed in an unreported opinion. *Gravely v. State*, No. 2784, September Term 2002, filed May 21, 2004 ("Case I"). In Case I, appellant did not appeal from his sentence or from the December 17 denial of his motion to treat his March 15, 2002 letter as a Rule 4–331(a) motion for new trial or the denial of his Rule 4–331(c) motion for new trial.

Nearly one year after sentencing, on December 16, 2003, appellant, without the assistance of counsel, filed a motion for a new trial based on newly discovered evidence and requested a hearing. Specifically, in his December 16 motion, appellant claimed that the following evidence was newly discovered:

8. Before [s]entencing the [d]efendant retained new counsel, Mr. Griffiths. Mr. Griffiths was provided with information by the State's Attorney's Office that the main witness in this case Christina Bailey was provided $2070 as part of a relocation fee. The money was paid to a relative of Ms. Bailey.

9. The State's Attorney, ..., admitted that he did not give this information to [ ] ([d]efendant's trial counsel).

10. The State's Attorney ... stated that if trial counsel would have asked for moneys paid to relocate witnesses, it would have been given.

11. The State did not give [d]efendant's trial counsel, ..., nor the [d]efendant the notes of Detective Frank

---

4. There is an error on the court's order and reflected in the docket entry; appellant's letter to the court complaining of the ineffectiveness of his trial counsel was filed with the court on March 15, 2002, rather than September 18, 2002.

Kenfeld; which is the of [*sic* ] [d]efendant, where the [d]efendant states his whereabouts during the day and time of these crimes. The [d]efendant's alibi was not given to [d]efendant's trial counsel.

Further according to appellant's *pro se* motion, the State's disclosure failures violated *Brady.*

On December 22, 2003, the circuit court denied appellant's December 16 motion as "moot." Appellant filed the instant appeal on January 14, 2004.

## STANDARD OF REVIEW

■ Appellate courts generally review a trial court's disposition of a motion for new trial on an abuse of discretion standard. *Merritt v. State,* 367 Md. 17, 27, 785 A.2d 756 (2001) (discussing *Washington, B. & A. Electric R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648 (1922)). Where, however, the appeal is not solely from the disposition of the motion, but as here, the denial of a hearing on the motion based on newly discovered evidence, the Court of Appeals has indicated that appellate courts will review whether the trial court erred. *See Merritt,* 367 Md. at 27, 30–31, 785 A.2d 756. *See also Jackson v. State,* 358 Md. 612, 751 A.2d 473 (2000) (holding that the circuit court erred in denying a motion for new trial on the basis of newly discovered evidence where the court denied the defendant's motion without a hearing); *Kimmey,* 141 Md. at 250, 118 A. 648 ("a trial judge has virtually no 'discretion' to refuse to consider newly discovered evidence that bears directly on the question of whether a new trial should be granted").

## DISCUSSION

Appellant initially asserts that the circuit court erred in denying his December 16 motion without a hearing, which he claims was required by Rule 4–331(e). Appellant also contends that the circuit court abused its discretion in not granting his December 16 motion for a new trial on the merits.

The State avers that appellant was provided a hearing on his motion for a new trial at the December 17, 2002 sentencing hearing. Because he did not contest the sufficiency of the December 17 hearing or the denial of his original motion for a new trial pursuant to Rule 4–331(c), the State asserts that appellant "has waived his current complaint." Alternatively, the State claims that any error in denying appellant a hearing on his motion was harmless beyond a reasonable doubt.

In *Campbell v. State*, 373 Md. 637, 821 A.2d 1 (2003), the Court of Appeals considered, among other things, whether a trial judge had discretion to consider an "out-of-time supplement to a timely filed motion for a new trial in a criminal matter." *Id.* at 640, 821 A.2d 1. In that case, within ten days of his conviction, the appellant, Campbell, filed a motion for a new trial citing newly discovered exculpatory evidence. *Id.* at 642–43, 821 A.2d 1. Approximately twenty days later, but prior to sentencing or a hearing on the initial motion, Campbell filed a supplement to his motion, in which he alleged the discovery of entirely different exculpatory evidence. *Id.* at 643, 821 A.2d 1. At a hearing, which took place immediately prior to sentencing, Campbell abandoned the newly discovered evidence presented in his initial motion, and instead relied solely upon the newly discovered evidence presented in his supplement. *Id.* at 644, 821 A.2d 1. Although he requested an evidentiary hearing concerning some of the newly discovered evidence, the trial court denied Campbell's motion for a new trial based on a proffer regarding what his newly discovered witness would testify to. *Id.* The trial court did not "think that it would have had any effect on the verdict of the jury." *Id.* at 644–45, 821 A.2d 1.

Campbell appealed the denial of his motion for a new trial to this Court, which we affirmed in an unreported opinion. *Id.* at 647, 821 A.2d 1. We determined that the trial court did not have authority to decide Campbell's motion for a new trial to the extent that it presented evidence unrelated to the newly discovered evidence presented in his initial Rule 4–331(a) motion. *Id.* at 646, 821 A.2d 1. This Court opined that "a motion for a new trial can[not] be amended in such a manner

as to make it an entirely different motion after the time for filing such a motion has expired." *Id.* at 646–47, 821 A.2d 1. Finally, we concluded that, with regard to the evidence presented in the supplement, Campbell's newly discovered evidence was "filed too late to satisfy [Rule 4–331] section (a), but ... too early to satisfy [Rule 4–331](c) because the supplement was filed two months after the verdict but before sentencing."[5] *Id.* at 647, 821 A.2d 1.

Granting *certiorari*, the Court of Appeals initially determined that, even though Campbell's motion for a new trial was based on newly discovered evidence and was prematurely filed, the trial court had jurisdiction to decide the motion. *Id.* at 662–63, 821 A.2d 1. The Court reasoned: "That the language invests the [trial] court with authority to consider motions for a new trial within one year after sentencing does not mean the court does not have [discretionary] authority to consider such a motion prior to sentencing when no final judgment has been entered." *Id.* The *Campbell* Court went on to explain that, "[w]hen a motion for a new trial under section (c) is filed prematurely, it may hasten the end of the litigation more so than if it were 'timely' filed." *Id.* at 663, 821 A.2d 1. With regard to treating the supplement as a separate motion for a new trial, the Court stated: "We agree with the reasoning of the court's holding that a supplement to a motion for a new trial that alleges *entirely different grounds* for relief cognizable elsewhere in the Rule may be treated as a separate motion for new trial." *Id.* at 664, 821 A.2d 1 (emphasis added). Because Campbell's supplement to his initial motion was filed while the trial court retained jurisdiction, the Court of Appeals concluded that "the trial judge had discretion to consider the newly discovered evidence ground for new trial raised in the supplement/motion." *Id.* at 665, 821 A.2d 1.

---

5. Under Rule 4–331(c)(1), the one year period for timely filing a motion for a new trial on the basis of newly discovered evidence begins to run on "the date the court impose[s] sentence or the date it receive[s] a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later."

■ In the instant case, we are persuaded that the circuit court properly exercised its discretionary authority to treat Supplement I and II, collectively, as an independent motion for a new trial based on newly discovered evidence.[6] As in *Campbell,* before sentencing and while the court retained jurisdiction to consider the matter, appellant filed a supplement moving for a new trial on the grounds of newly discovered evidence. At sentencing, after the trial court denied appellant's motion to treat the March 15 letter as a Rule 4–331(a) motion for new trial, counsel for appellant explained that appellant's motion was also based, in part, on newly discovered evidence presented in the supplements and that, pursuant to Rule 4–331(c), with regard to the newly discovered evidence, appellant's motion was timely. Counsel for appellant then explained the alleged newly discovered exculpatory and impeachment evidence. An order of the court dated December 17, 2002, and the docket sheet entries for that date, reflect that the court denied both "[d]efendant's motion to treat letter from defendant dated 9/18/02 [*sic* ] as timely filed motion for new trial" and "[d]efendant's motion for new trial."

■ Although the December 17 sentencing hearing occurred before *Campbell,* it is apparent from the court's order and the docket sheet that the trial court treated appellant's supplements as an independent motion for a new trial. The trial court's decision on that motion was a final judgment that appellant could have appealed. *See* Maryland Code 1974 (2002 Repl.Vol.), § 12–201(f) of the Courts and Judicial Proceedings Article ("C.J.P.") (defining "final judgment" as "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken").

Maryland Rule 8–202(a) provides, in pertinent part: "Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judg-

---

6. We note that *Campbell* was decided on April 7, 2003, after appellant's December 17, 2002 sentencing hearing.

ment or order from which the appeal is taken." Appellant did not timely file an appeal or raise the denial of his motion for a new trial in his appeal to this Court in Case I. Therefore, we are persuaded that appellant's December 16 motion, which relies upon *precisely* the same alleged "newly discovered evidence" previously presented to the trial court and denied following a hearing, is barred under the principles of *res judicata* and estoppel.[7] *See Cook v. State,* 281 Md. 665, 669–70, 381 A.2d 671 (1978) (explaining that *res judicata* and collateral estoppel apply in criminal cases where there is a final judgment, such as where the appellant is denied the "means of further prosecuting or defending his rights and interests in the subject matter or proceeding").

Maryland Rule 4–331(c) permits a defendant to file a motion for new trial on the grounds of newly discovered evidence that could not have been discovered with due diligence in time to move for a new trial within the first ten days following the verdict. To be certain, following the December 17, 2002 denial of his first motion for a new trial under Rule 4–331(c), appellant could have filed a second motion for a new trial on the basis of newly discovered evidence, provided it was filed within the applicable time frame. *See Campbell,* 373 Md. at 664, 821 A.2d 1 (permitting a defendant to file a second motion for a new trial on the grounds of newly discovered evidence where the alleged "newly discovered evidence" was "entirely different" than that alleged in his initial motion).

In order for appellant to have prevailed on a second motion for a new trial on the grounds of newly discovered evidence, he would have had to demonstrate not only that the evidence was indeed newly discovered and could not have been discovered through the exercise of due diligence in time to be included in a Rule 4–331(a) motion, but also that at least some

---

7. Recently, in *Scott v. State,* 379 Md. 170, 840 A.2d 715 (2004), the Court of Appeals explained that "the law of the case doctrine" was inapplicable where a defendant filed, in the circuit court, the same postconviction motion as had already been denied by a different circuit court judge because there had been no appellate ruling on the denial of the defendant's first motion. *Id.* at 184–85, 840 A.2d 715.

of the alleged newly discovered evidence differed from that presented to the court in his initial 4–331(c) motion. *See Love,* 95 Md.App. at 429, 432, 621 A.2d 910 (explaining that the requirements that the evidence be "newly discovered" and not discoverable with due diligence in time to file a motion under Rule 4–331(a) are "definitional predicate[s]" for relief under Rule 4–331(c)). *See also United States v. Hoffa,* 382 F.2d 856 (6th Cir.1967) (holding that the defendants failed to prove diligence in obtaining the alleged newly discovered evidence proffered in their third motion for new trial where the same witnesses were cited as being newly discovered in their first motion for a new trial filed more than one year prior); *Strauss v. United States,* 363 F.2d 366, 369 (5th Cir.1966) (concluding that alleged newly discovered evidence in the defendant's second motion for new trial was not, in fact, newly discovered and did "not warrant consideration" where the evidence was referred to in the defendant's opening statement at trial and "was sought to be shown on the first motion for new trial").

Maryland Rule 4–331(e) provides:

(e) **Disposition.** The court may hold a hearing on any motion filed under this Rule and shall hold a hearing on a motion filed under section (c) [newly discovered evidence] if the motion satisfies the requirements of section (d) and a hearing was requested. The court may revise a judgment or set aside a verdict prior to entry of a judgment only on the record in open court. The court shall state its reasons for setting aside a judgment or verdict and granting a new trial.[8]

Interpreting Rule 4–331(e), in *Jackson v. State,* 358 Md. 612, 751 A.2d 473 (2000), the Court of Appeals explained the mandatory nature of the rule:

---

**8.** Rule 4–331(d) provides that a motion for a new trial must "(1) be in writing, (2) state in detail the grounds upon which it is based, (3) if filed under section (c) of this Rule, describe the newly discovered evidence, and (4) contain or be accompanied by a request for hearing if a hearing is sought." In the instant case, appellant's December 16 motion, the denial of which he currently appeals, met the requirements of section (d).

The general requirement—the one relevant here—is that the court "shall afford the defendant or counsel and the State's Attorney an opportunity for a hearing on a motion filed under this Rule." That requirement is not cast in sequential or conditional language, as are most of the other rules that speak only of an "opportunity" for a hearing, but, by requiring only the opportunity for a hearing and not absolutely mandating one, the rule also more clearly allows for a waiver of a hearing. Under either approach, however, in the absence of a waiver by both sides, the court must conduct a hearing before acting on the motion.

*Id.* at 624, 751 A.2d 473. Explicating the reasons for granting a hearing on a motion for new trial, the Court reasoned:

[T]he right to a hearing is of fundamental importance. It represents an assessment by us of the significance of the matter under consideration, at least to the parties, and, given that significance, of their right, if they choose to exercise it, to present directly to the court, *viva voce,* the reasons why they should prevail. It is a recognition that personal, vocal communication with the judge may not only itself be a more effective means of persuasion than written documents that may be read hurriedly and not fully appreciated or understood, but that a hearing offers at least a limited opportunity for dialogue, allowing for clarification, for greater precision, for addressing concerns harbored and expressed by the judge. It is a right that, ordinarily, may be waived, but when not waived, we are loathe, in the absence of extraordinary circumstances, to find its denial harmless. It would often be a matter of pure speculation whether prejudice ensued—whether, had the party been given the opportunity to make his or her "pitch" at a hearing, the result may have been different—and that is much more likely the case when the decision may rest upon the resolution of factual disputes or the exercise of discretion and judgment.

*Id.* at 625, 751 A.2d 473 (emphasis in original).

██ A hearing conducted pursuant to Rule 4–331(e) need not be a full evidentiary hearing. In *Couser v. State,* 36

Md.App. 485, 374 A.2d 399 (1977), this Court addressed whether a trial court abused its discretion in refusing to permit a defendant to call a witness in support of his motion for a new trial. *Id.* at 496, 374 A.2d 399. Finding that there was no abuse of discretion, we explained: "The purpose of the hearing on the motion for retrial is not to retry the case. There was no proffer that the witness would recant her prior testimony." *Id.*

Similarly, in *Campbell* the Court of Appeals affirmed the trial court's denial of Campbell's motion for a new trial when his request for a full evidentiary hearing was denied and the trial court based its decision on a proffer of the witness's testimony. *Campbell,* 373 Md. at 645, 821 A.2d 1. Moreover, the hearing in *Campbell* occurred immediately prior to the defendant's sentencing hearing. *Id.* at 644, 821 A.2d 1.

■ Given the reasoning for granting a hearing under Rule 4–331(e), we hold that when a defendant has previously been granted an adequate hearing on a motion for new trial on the grounds of newly discovered evidence and the defendant subsequently files a second Rule 4–331(c)(1) motion for new trial, which, on its face, fails to allege "newly discovered evidence" different from that previously considered by the court at the prior hearing, the trial court need not conduct another hearing, even if requested, before denying the second motion. The principles of judicial economy, res judicata, and estoppel compel such a conclusion. To hold otherwise, the trial and appellate courts' time and attention could be consumed by defendants desiring to continually rehash the denial of previously litigated motions.

■ In the present case, we are not persuaded that the circuit court erred in denying appellant's December 16 motion without a hearing. Exercising its discretionary authority, the circuit court treated appellant's supplements as a motion for new trial under Rule 4–331(c). At sentencing, although the circuit court initially stated that it was merely providing appellant the opportunity to establish a record for appellate review, the court clearly considered appellant's newly discov-

ered evidence and permitted adversarial argument on the merits of appellant's motion. Through a discourse with the trial court, appellant was provided the opportunity to explain and clarify, *viva voce*, the reasons why a new trial was necessary. *Jackson,* 358 Md. at 625, 751 A.2d 473. As in *Campbell,* the court ruled on appellant's motion immediately before sentencing and after a proffer regarding appellant's newly discovered evidence.

Because appellant was provided an adequate hearing on his motion for new trial, failed to timely appeal the denial of the motion, and, facially, offered nothing new in his subsequent motion for new trial, the trial court did not err or abuse its discretion in denying appellant's motion without a hearing.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**