MARENUS AMPERSE v. LEWIS FLECKENSTEIN.

*Trial—Conduct of counsel—Argument.*

1. Counsel have no right to state to the jury, by way of argument, what they may know about the case, outside of the testimony; and the action of the trial court in preventing such action is eminently proper and praiseworthy.

2. If counsel wish in any manner to get their presence at, or knowledge of, the happening of any fact or event before the jury, it is less objectionable, in a professional or legal sense, that they should be sworn as witnesses, than attempt to accomplish the same object through their argument to the jury.

Error to Kalamazoo. (Mills, J.) Argued October 6, 1887. Decided October 13, 1887.

Proceedings to recover possession of lands under the forcible detainer act. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*O. T. Tuthill,* for appellant.

*Dallas Boudeman,* for defendant.

MORSE, J. The only error complained of in this case is set forth in the following extract from the record:

"The evidence being closed, the case proceeded to argument by counsel for the respective parties to the jury, and, during the argument of counsel for the plaintiff, he proceeded to call their attention to and discuss certain testimony which had been given in the case with reference to what plaintiff had sworn to upon the trial in the court below, and particularly with reference to the testimony given by Commissioner Wattles, before whom the case was tried, and other witnesses, which was contradictory of that given by the plaintiff upon the trial. Among other things, he proceeded substantially as follows:

" ' As I had occasion to say to some of your number, gentlemen, who were upon the jury yesterday, I was there and know what occurred on that trial, but—'

" Whereupon the court stopped counsel, and said, in substance:

" ' You will not be allowed to say to this jury what you said on yesterday. I noticed upon the trial of the *Sweetland-Crandall Case* yesterday that you made use of improper argument in stating to the jury what you knew with reference to a conversation which Herman Crandall testified that he had had with you, and with reference to which you were not sworn, and I allowed the matter to pass ; but I cannot do so again, because counsel have no right to put before the jury, by way of argument, what they may know about the case, outside the testimony. If counsel desire to put the weight of what they may know about the facts in a case before the jury, one way or the other, they must be sworn as other witnesses.'

"Thereupon counsel stated that he was about to say that, although he was before the commissioner on the trial with reference to which the commissioner had testified, he would not go upon the stand as a witness for his client, as some attorneys were in the habit of doing; that he was not going to say to the jury what he knew about the testimony or the facts ; and asked the court, in an angry manner, if he knew the mind of counsel, and what he was going to say, better than he (counsel) himself did; and also inquired what occasion he had given the court for any such remarks and interruptions, and that he believed he had the right to say to the jury in his argument just what he was going to say, and had said, and that he thought that he knew what he was going to say as well, at least, as the court could tell him."

To which the court replied, in substance:

"'The court heard what you did say. You were proceeding to state to the jury in effect, at least, what you claimed to know of the facts, as you did yesterday in the *Sweetland-Crandall Case*, which would be to put into the case the force of your testimony without being sworn, and I cannot allow that to be done in this case.'"

The action of the circuit judge was eminently proper and praiseworthy. The attorney had no excuse whatever for making any such remark to the jury as he admits he was about to make.

It was entirely immaterial and irrelevant to the issue whether the counsel was present, and knew what occurred on

the trial before the commissioner, or not. The only object of making such a statement must have been to give the jury to understand that he could tell, if he desired, a different story, as to what transpired on such trial, than the witnesses for the defendant had given under oath. Such a reference as this, with its consequent hint or intimation to the jury, is not permissible or professional, and the court below is to be commended for repressing it.

It is not denied anywhere in the record or upon the argument that the circuit judge was correct in his statement of what had occurred the day before in another trial. He therefore had good reason to believe, in the first place, that the same kind of a statement was to be made in the argument of this case, and was justified in stopping counsel.

After the counsel had stated what he was going to say, the concluding remarks of the court were such as he ought to have made. If counsel wish in any manner to get their presence at, or knowledge of, the happening of any fact or event before the jury, it is less objectionable, in a professional or legal sense, that they should be sworn as witnesses, than that they should attempt the course pursued here.

The judgment of the court below is affirmed, with costs.

The other Justices concurred.