PRINGLE v. MILLER.

1. WITNESSES—IMPEACHMENT.

A witness who testifies on cross-examination that he has no recollection of having made certain statements to third persons conflicting with his testimony upon a material issue may be impeached by the persons mentioned, even though he does not directly deny having made such statements.

2. TRIAL—REMARKS OF COUNSEL.

To permit counsel, over the objection of opposing counsel, to tell the jury what he could have proved by certain witnesses, whom he might have called had he seen fit to do so, is reversible error.

Error to Wayne; Donovan, J.  Submitted January 5, 1897.  Decided March 10, 1897.

Case by William N. Pringle and another against George J. Miller for deceit.  From a judgment for plaintiffs, defendant brings error.  Reversed.

*Wilkinson & Post*, for appellant.

*Henry M. Duffield*, for appellees.

HOOKER, J.  The defendant, being the owner of a certain messuage, sold the same upon contract to a Mrs. Stork.  The plaintiffs, being desirous of purchasing the same, negotiated with the husband of Mrs. Stork, and finally purchased the property.  They subsequently brought this action against the defendant to recover damages for alleged deceit in certain representations alleged to have been made by the defendant prior to their purchase, when interrogated in relation to the condition of the premises, at a time when and under circumstances showing that he knew of their contemplated purchase.

Mr. Stork was called as a witness for the defendant, and testified to the negotiations between himself and the plaintiffs, and that an agreement was made by the plaintiffs to purchase; that five dollars was paid upon it, and a time was fixed to close the matter up, when he was to have the defendant there to give his assent to the transfer of Stork's interest. He stated that he made no representations concerning the place, and that he did not hear Mr. Miller, the defendant, make any. On cross-examination the witness was asked: "Didn't you tell Mr. Olf, shortly after this sale, at his place of business, that you had gotten rid of a mighty poor bargain, and that you were glad to get that house off your hands?" And he was also asked: "Did you, about the same time, at Mrs. Russell King's house, say about the same thing, in substance?" To both questions he answered that he had no recollection of saying such a thing. Under proper objections and exceptions, counsel claim that this was error, especially as, upon the argument, counsel was permitted to argue that, inasmuch as the witness' memory was so poor, and as the questions were answered in this way, he could not impeach him, which he might otherwise have done by the persons mentioned in the questions.

There is nothing in the direct examination as printed that shows that these matters were in any way material, but the record is said not to contain all of the testimony, and it may be that the questions were pertinent as tending to controvert Stork's denial of deceit, or qualifying testimony as to the value or condition of the premises. If it was material, counsel had the right to call impeaching witnesses if the questions were answered in the negative; and the answers as given, falling short of admitting the fact, if they did not deny it, were sufficient to justify a contradiction by the witnesses named in the questions. The following cases cited by counsel support this proposition: *Smith* v. *People*, 2 Mich. 418; *State* v. *Johnson*, 47 La. Ann. 1225; *Palmeri* v. *Railway Co.*, (Sup.) 14 N. Y. Supp. 468. As these

questions were proper for the purpose mentioned, we cannot hold that the court erred in admitting the testimony, upon the claim that it was proving a cause of action against defendant, Miller, by admissions of Stork, who was not a party to the record, and whose admissions could not be used for such a purpose; and the charge of the court shows that they were admitted for the purpose of impeachment only.

But it was improper for counsel to state to the jury what he could prove by certain witnesses had Stork answered the questions in the negative. Under the authorities cited, he might have called them had he chosen to do so. It is improper for counsel to state what witnesses would testify if called. In *Carne* v. *Litchfield*, 2 Mich. 340, it was said that "the only facts which counsel are properly permitted to comment upon before a jury are such as have been legally elicited upon the trial of the cause." And in *Donovan* v. *Richmond*, 61 Mich. 467, it was said: "Counsel have no right to comment upon papers that have not been put in evidence, or on the conduct of the parties in connection with them." It has been held that a trial judge must restrain counsel from commenting on testimony that has been excluded, if objection is made to such comments. *Hollywood* v. *Reed*, 57 Mich. 234. See, also, *Hitchcock* v. *Moore*, 70 Mich. 112 (14 Am. St. Rep. 474). [In *Amperse* v. *Fleckenstein*, 67 Mich. 247, it was said: "Counsel have no right to put before the jury, by way of argument, what they know of the case, outside of the testimony." And in *Rutter* v. *Collins*, 96 Mich. 510, Mr. Justice McGRATH said: "The jury must get the evidence from the lips of sworn witnesses, and not from the unsworn statements of the lawyers in the argument of the case." It is not every unguarded remark of counsel that will justify the reversal of a case, where it is evident that no harm can result, but in this case the court did not caution the jury against the statements. On the contrary, the record shows that they were made with his approval and sanction, against the express objection of counsel for

the defendant; and we cannot, under these circumstances, call it harmless error.

Error is assigned upon the testimony of one Mr. England, who testified to the representations of Mr. Stork, in his first talk, in the absence of Miller, with the plaintiffs. If these statements were admissible at all, it was, as the judge charged the jury, merely by way of impeachment; and we cannot determine from this record that this testimony was not proper for that purpose.   There was danger of its being treated as showing representations made on behalf of the defendant.   We do not discover a foundation for the reception of this testimony for the purpose of impeachment, though it is possible that a proper foundation was laid; hence we cannot say that it was error. This discussion covers the modification of defendant's eighth request.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.