## PEOPLE v DONNIE JACKSON

1. Criminal Law—Attorney and Client—Right to Counsel—Photographic Identification.

   A precustody photographic showup does not require counsel for a defendant even though the defendant is a possible suspect and had previously been in custody on an unrelated charge.

2. Criminal Law—Motions—Bench Trials—Directed Verdict of Acquittal—Reasonable Doubt.

   A motion for a directed verdict of acquittal was properly denied where the requisite evidence was submitted on every element of the offense of armed robbery in a bench trial and the trier-of-fact determined that guilt was established beyond a reasonable doubt.

3. Criminal Law—Appeal and Error—Harmless Error—Courts—Findings of Fact—Bench Trials—Evidence—Photographic Identification.

   A court's alleged incorrect findings of fact concerning a photographic identification proceeding which were made in a bench trial result in harmless error where the eyewitness to the robbery unhesitatingly identified the defendant at the showup and in court and immediately picked out a picture of the defendant out of 25 or 30 pictures she observed.

Appeal from Oakland, William R. Beasley, J. Submitted June 2, 1975, at Lansing. (Docket No. 20606.) Decided July 23, 1975. Leave to appeal denied, 395 Mich 771.

Donnie R. Jackson was convicted of armed robbery. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 16 Am Jur 2d, Constitutional Law § 573.
   21 Am Jur 2d, Criminal Law § 313.
[2] 30 Am Jur 2d, Evidence §§ 1170–1172.
   76 Am Jur 2d, Trial § 553.
[3] 21 Am Jur 2d, Criminal Law §§ 368, 369.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Carlton R. Roeser,* Assistant Appellate Counsel, for the people.

*Hatchett, Spinks, Keel & Hatchett,* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. The defendant was convicted of armed robbery, MCLA 750.529; MSA 28.797, by bench trial and was subsequently sentenced to a term of 5 to 15 years in prison.

On June 5, 1973, a man entered a carry-out restaurant in Pontiac, thrust a gun in an employee's face, and demanded the money in the cash register. The employee complied with the demand. Three days later, on June 8, the employee attended a photographic identification session at the Pontiac police station and was shown 25 to 30 pictures. She identified a picture of the defendant as the perpetrator of the robbery. She also identified the defendant at the preliminary examination and at trial.

On appeal, the defendant argues that the denial of counsel at the photographic identification deprived him of constitutional rights. Further, he argues that the denial of his motion for a directed verdict and certain findings of fact by the trial court were bases for reversal.

The defendant had been arrested on an unrelated charge on June 6, 1974, but had been released the next day. He was rearrested after the photographic identification here involved had been made. From the facts, it appears that the defend-

ant was not in custody at the time of the identification.

The defendant's first contention has been rejected by our Supreme Court in *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). In that case the Court held that a precustody photographic showup does not require counsel even though the defendant is a possible suspect. Like the defendant in that case, the present defendant was merely a suspect based on the witness's physical description of the felon. See also *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975).

Unlike *People v Cotton,* 38 Mich App 763; 197 NW2d 90 (1972), which ruled illegal an identification made after the defendant was released from custody, the investigation in the present case had not focused on the defendant. His prior arrest was on a totally unrelated charge, and there had been no evidence linking him with this particular holdup.

Second, the motion for a directed verdict was properly denied. The unhesitating identification and other testimony by the restaurant employee clearly provided evidence on every element of the offense of armed robbery. See *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974). The requisite evidence was submitted, and the trier-of-fact determined that guilt was established beyond a reasonable doubt.

Finally, the defendant argues that the conviction ought to be reversed since the trial court made incorrect findings of fact concerning the photographic identification proceeding. The eyewitness to the robbery testified that a picture, Defendant's Exhibit A, was a picture of the defendant but was not the one displayed to her at the photographic showup. This testimony was con-

tradicted by that of police officers who conducted or were present at the showup. This discrepancy was not cleared up by the prosecution and the trial court's remarks do indicate possible confusion as to which photograph she actually was shown. Her identification both at the showup and in court was made unhesitatingly. She immediately picked out a picture of the defendant out of the 25 or 30 pictures she observed. Under these circumstances, we hold that the court's misstatement, if any, was harmless. *People v Heard,* 58 Mich App 312; 227 NW2d 331 (1975). MCLA 769.26; MSA 28.1096.

Affirmed.