PEOPLE v CALDWELL

1. Criminal Law—Trial—Unfavorable Publicity—Jury Prejudice
   —Mistrial—Judge's Discretion.

   A trial judge did not abuse his discretion by refusing to grant a
   mistrial on a claim of juror prejudice where a newspaper
   headline, "Pizza Shop Hold-Up. I Ought to Kill You." was
   viewed by four jurors during an armed robbery-attempted
   murder trial because the statement, "I should have killed you",
   was part of the trial testimony and the jurors would have
   regarded that statement in the context in which they heard it
   at trial and could not have been misled.

2. Criminal Law—Prosecutor's Argument—Relationship to Evi-
   dence—Inferences From Evidence—Right to Argue.

   A prosecuting attorney has the right to draw inferences for the
   jury from facts appearing in the record, to comment upon the
   testimony in a case, to argue upon the facts and evidence that
   a witness is not worthy of belief, to argue a case vigorously,
   and even to contend that a defendant is lying.

3. Criminal Law—Prosecutor's Argument—Suggestion of Alter-
   nate Story—Fair Comment.

   A comment made by a prosecutor in closing argument which
   merely suggests to a jury an alternate story which is equally
   plausible to a defendant's story is fair comment.

4. Criminal Law—Prosecutor's Argument—Evidence of Guilt—
   Harmless Error.

   A prosecutor's closing argument must be read as a whole and
   where an allegedly prejudicial brief comment is the only impro-
   priety alleged in the entire argument, if such comment can be

---

References for Points in Headnotes

[1] 76 Am Jur 2d, Trial §§ 1080, 1081.

Juror's reading of newspaper account of trial in criminal case
during its progress as grounds for mistrial, new trial, or reversal.
31 ALR2d 417.

[2–4] 7 Am Jur 2d, Attorneys at Law § 26.

75 Am Jur 2d, Trial §§ 260–264.

considered error at all, it is harmless beyond a reasonable doubt where evidence of a defendant's guilt is overwhelming.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted June 17, 1977, at Lansing. (Docket No. 27687.) Decided August 11, 1977.

Jack C. Caldwell was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, Chief of Appellate Division, for the people.

*Kitchen & Stringer,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and ALLEN and D. R. FREEMAN,* JJ.

PER CURIAM. Defendant appeals as of right from his armed robbery conviction, MCLA 750.529; MSA 28.797. He alleges reversible error first, in the trial judge's refusal to grant a mistrial on the ground of a newspaper headline which appeared on the evening of the second day of defendant's trial. The newspaper headline stated, "Pizza Shop Hold-Up. I ought to kill you." A poll of the jury showed that none of the jurors had read the article. Defendant contends that the viewing of the headline itself by four jurors caused prejudice in that the headline alone, without a reading of the article, may have been misleading. The statement "I should have killed you" was a part of the trial testimony. The jurors would have regarded that statement in the context in which they heard it at

* Circuit judge, sitting on the Court of Appeals by assignment.

trial. They could not have been misled. The trial judge did not abuse his discretion in refusing to grant a mistrial. See *People v Moore,* 51 Mich App 48, 52; 214 NW2d 548 (1974), and cases cited therein.

Secondly, defendant contends that he was prejudiced by the prosecutor's statement in closing argument that money found on defendant and his companion at the time of arrest "could just have easily have come, and probably did come, from other armed robberies * * * ". The evidence discloses that approximately $165 was taken in the robbery of the pizza shop. When arrested, however, approximately $600 to $700 was recovered from the defendant and his alleged accomplice. During trial, the money was admitted into evidence.

It is indisputable that the prosecuting attorney has the right to draw inferences for the jury from the facts appearing in the record. *People v Morlock,* 233 Mich 284, 286; 206 NW 538 (1925). Not only may the prosecutor draw inferences but he may also comment upon the testimony in the case. *People v Cona,* 180 Mich 641; 147 NW 525 (1914). Moreover, the prosecutor may argue upon the facts and evidence that a witness is not worthy of belief. *People v Couch,* 49 Mich App 69, 72; 211 NW2d 250 (1973), *lv den* 391 Mich 755 (1973). In addition the prosecution may argue a case vigorously and even contend that the defendant is lying. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973).

A review of that portion of the prosecutor's argument to which objection was made, when taken in its whole context, shows that he was debunking the defendant's story on the grounds that the defendant had admitted telling a lie to the police; had four felony convictions for breaking

and entering; and that defendant's testimony was inconsistent with the testimony of many prosecution witnesses. The comment made by the prosecution merely suggested to the jury an alternate story which was equally plausible to defendant's story as to why he and his alleged accomplice were carrying large amounts of cash on their persons. We find that such argument constituted a fair comment upon the defendant's story. Furthermore, the prosecution's closing argument must be read as a whole, *People v Blake,* 58 Mich App 685; 228 NW2d 519 (1975). The statement complained of here is the only impropriety alleged in the prosecutor's argument. Even assuming the prosecutor's comment to have been error, in light of overwhelming evidence of defendant's guilt, the error, if any, was harmless beyond a reasonable doubt.

Affirmed.