## PEOPLE v SHERMAN HALL

1. WITNESSES—CRIMINAL LAW—ACCOMPLICES—IMPEACHMENT—HOS-
   TILE WITNESS—PREJUDICE—JUDGE'S DISCRETION.
   A prosecutor has no obligation to indorse and produce an alleged
   accomplice in his case in chief against a criminal defendant
   and no statutory right to impeach an accomplice when called; a
   court, however, has discretion to allow a prosecutor to impeach
   an accomplice called to testify for the prosecution when he is
   declared to be hostile or in the event of surprise when the
   prosecutor has been misled as to what the accomplice will
   testify and thereby prejudiced.

2. WITNESSES—CRIMINAL LAW—CROSS-EXAMINATION—COLLATERAL
   MATTERS—IMPEACHMENT.
   The answer of a witness to a question concerning collateral
   matters in a criminal case is binding on the examiner and not
   subject to contradiction; a prosecutor is not allowed to impeach
   his own witness as to a collateral matter.

3. CRIMINAL LAW—APPEAL AND ERROR—HARMLESS ERROR—REVERSI-
   BLE ERROR.
   The standards for determining whether error committed during a
   criminal trial is reversible on appeal or merely harmless are (1)
   whether the error is so offensive to the maintenance of a sound
   judicial system that it never can be regarded as harmless, and
   (2) if not so basic, whether it is harmless beyond a reasonable
   doubt.

4. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—FAIL-
   URE TO OBJECT—MISCARRIAGE OF JUSTICE—STATUTES—COURT
   RULES.
   Objection to an allegedly erroneous jury instruction before the

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 624.
[2] 81 Am Jur 2d, Witnesses §§ 612, 613.
[3] 5 Am Jur 2d, Appeal and Error §§ 778, 798.
[4] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[5] 30 Am Jur 2d, Evidence §§ 1125, 1170–1172.
[6] 5 Am Jur 2d, Appeal and Error §§ 624, 625.

jury retires is a prerequisite to raising the issue on appeal; where no objection is raised to alleged errors in jury instructions a verdict will not be set aside unless the omissions or error pertain to a basic and controlling issue in the case and have resulted in a miscarriage of justice (MCLA 768.29; MSA 28.1052, GCR 1963, 516.2).

5. CRIMINAL LAW—EVIDENCE—REASONABLE DOUBT—ELEMENTS OF THE CRIME—PROOF.

Evidence presented in a criminal case is sufficient where the people have proven beyond a reasonable doubt every element of the crime charged by competent direct or circumstantial evidence and reasonable inferences therefrom; a conviction will be upheld where the proofs offered in the case, although mostly circumstantial, were sufficient to justify a jury's finding of guilty.

6. CRIMINAL LAW—PROSECUTOR'S REMARKS—FAILURE TO OBJECT—CAUTIONARY INSTRUCTIONS—CURE OF ERROR.

Reversal of a criminal conviction for prosecutorial misconduct in closing argument will not be granted on appeal where the error was not objected to at trial and where a cautionary instruction would have cured the error.

Appeal from Newaygo, Harold VanDomelen, J. Submitted June 7, 1977, at Grand Rapids. (Docket No. 27319.) Decided August 22, 1977. Leave to appeal applied for.

Sherman J. Hall was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Terrence R. Thomas,* Prosecuting Attorney, and *Richard J. Farabaugh,* Special Prosecutor, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

M. B. Breighner, J.

### Facts

Defendant appeals a jury conviction of two counts of armed robbery, contrary to MCLA 750.529; MSA 28.797. He was sentenced to 5 to 15 years imprisonment.

The incident on which defendant's conviction is based occurred on October 16, 1975. On that date a pickup truck containing two occupants was forced off the road and stopped by three male persons. One of the intercepters showed a badge, stated he was a policeman and said he wanted to check the truck. Another robber brandished a long black-barreled revolver and announced a robbery. The wallets of the victims were taken, the victims were pushed into a ditch, and the three robbers drove away. Each wallet contained approximately $110 and personal papers.

The victims provided a relatively detailed description of two of the robbers, but neither was able to identify defendant as being involved in the robbery.

About two hours later a pickup truck fitting the description of the robbers' vehicle was observed by a police officer. While being followed by the police officer, the suspects performed a 180-degree turn and pursued their pursuer. Radio communication with the local sheriff's department led to the interception of the suspect pickup which proved to contain three males, one of whom was the defendant.

The individuals in the pickup were placed on the ground and searched. During this time, defendant was able to get up from the ground and run 20 or

30 yards into a nearby field. He was ordered to return and complied with this order.

A long black-barreled revolver, containing live and empty rounds, and a silver badge, similar to those used in the robbery, were found next to the pickup truck at the arrest scene. Missing personal papers belonging to one of the victims were found in the nearby roadside ditch. Although $94 in cash was taken from defendant, no incriminating evidence was found on him at the time of arrest.

At trial, defendant presented an alibi defense, although he chose not to testify in his own behalf.

## Issues

Four issues are presented for decision by this Court:

I. Did reversible error occur when the prosecutor was allowed, over defendant's objection, to impeach an accomplice witness who had been called by the people in their case in chief?

II. Did the trial court err by giving a cautionary "accomplice testimony" jury instruction under the circumstances of the present case?

III. Was the evidence submitted at trial sufficient to convict defendant as a matter of law?

IV. Did the prosecutor commit reversible error when, during closing argument, he allegedly invited the jury to consider defendant's flight as evidence of guilt, and also to determine guilt by piling inference upon inference?

## Decision

### I

Defendant's twin brother, an alleged accomplice, was called as a witness by the people. On direct

examination, he admitted he had previously pled guilty to the subject armed robbery. On cross-examination he said he had not pled guilty. On redirect, the witness acknowledged his contradictory response and said he was "under pressure" during the guilty plea proceeding. The people then, after receiving permission from the court, used the plea conviction record to impeach the witness.

The witness, brother to defendant, as an alleged accomplice, was not a res gestae witness for purposes of indorsement. *People v Fidel,* 37 Mich App 338; 194 NW2d 732 (1971). A prosecutor has no obligation to indorse and produce an accomplice in his case in chief.

This Court has held on numerous occasions that since there is no obligation on a prosecutor to call an accomplice, he has no statutory right to impeach an accomplice when called by the prosecutor. *People v John Johnson,* 58 Mich App 60; 227 NW2d 228 (1975). The court, however, in the exercise of its discretion, can allow a party to impeach his own witness when he is declared to be hostile or in the event of surprise when the party calling the witness is misled and thereby prejudiced. *People v Heard,* 58 Mich App 312, 315; 227 NW2d 331, 333 (1975); 98 CJS, Witnesses, § 477, pp 355–362.

An examination of the record discloses that the prosecutor was deceived into believing that the witness would testify favorably for the prosecution. It is also apparent that the witness grew hostile during the examination, causing the prosecutor to abandon further questioning as useless. The prosecutor did request of the court permission to declare the witness as hostile and the court did extend to him permission to proceed. On this basis, the prosecutor proceeded with impeachment. We find the trial court did not abuse its discretion under these circumstances.

It is contended, however; that the impeachment of this witness concerned collateral matters binding on the cross-examiner and not subject to contradiction. *People v Drew,* 67 Mich App 295; 240 NW2d 776 (1976).

The people were incorrectly allowed to impeach their own witness as to a collateral matter. Because it was collateral, the prosecutor was bound by the witness's statements regarding his guilty plea. This would be error in the face of an objection. It should be noted, however, that no objection was registered here.

Absent an objection, we must look to see if the error is reversible. The standards to apply are set forth in *People v Heard,* 58 Mich App 312; 227 NW2d 331 (1975). Was the error so offensive to the maintenance of a sound judicial system that it can never be regarded as harmless? If not, then this Court must be able to say that the error was harmless beyond a reasonable doubt.

Thus, the first step in determining if error is harmless is to ascertain if it is unduly "offensive to the maintenance of a sound judicial system". This criterion is separate and distinct from the criterion "harmless beyond a reasonable doubt".

The purpose of the first criterion was explained in *People v Swan,* 56 Mich App 22, 32; 223 NW2d 346, 351 (1974), as one to deter prosecutorial and police misconduct and to safeguard those individual rights which are so fundamental that the impact of their violation cannot be fully assessed.

The purpose of the second criterion is to safeguard defendant's right to be convicted only by a jury and only upon their finding of guilt beyond a reasonable doubt. In applying this standard, we may not substitute our independent judgment of defendant's guilt or innocence for the jury's judg-

ment. Instead, we must assess only what effect the error had or reasonably may be taken to have had upon the jury's decision. We must determine whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.

Clearly, the integrity of a sound judicial system is not at issue in dealing with impeachment regarding a collateral matter. Furthermore, a review of the entire record convinces us that an inquiry into the witness's plea record, which inquiry was irrelevant to the issues before the jury, could not have contributed to defendant's conviction. We declare a belief that the error was harmless beyond a reasonable doubt.

## II

No objection was advanced to the giving of a cautionary "accomplice testimony" instruction. GCR 1963, 516.2 requires that a party object to an allegedly erroneous jury instruction before the jury retires, as a prerequisite to raising the issue on appeal. A similar requirement is contained in MCLA 768.29; MSA 28.1052. This Court has held that where no objection is raised to alleged errors in jury instructions the verdict will not be set aside unless the omissions or error have resulted in a miscarriage of justice. *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976). Moreover, this Court will not find that a miscarriage of justice has occurred unless the incorrect instruction pertains to a basic and controlling issue in the case.

The instruction to which defendant objects on this appeal appears to be inappropriate under the circumstances of the present case. However, since

no objection was made to this instruction in the court below, we find no error was committed.

## III

The Court in *People v Atley,* 392 Mich 298, 309; 220 NW2d 465, 470 (1974), stated:

"The test [of sufficient evidence] in criminal cases is whether the people have proven beyond a reasonable doubt every element of the crime charged by competent direct or circumstantial evidence."

Additionally, the elements of a criminal offense may be proven by circumstantial evidence and reasonable inferences therefrom. *People v Ross,* 69 Mich App 705; 245 NW2d 335 (1976).

Armed robbery is a statutory offense. MCLA 750.529; MSA 28.797. The elements of the offense are:

(1) An assault committed by defendant on the victim;

(2) That defendant feloniously took property, which might be the subject of larceny, from the person or presence of the victim;

(3) That at the time he did so, defendant had the specific intent to steal;

(4) That defendant was armed with a weapon when he did so, *People v Karasek,* 63 Mich App 706; 234 NW2d 761 (1975).

The jury rejected defendant's claim of alibi and found him guilty as being one of the three persons who intercepted the pickup truck. This Court concludes that the evidence introduced during trial is sufficient to permit a jury finding of guilty. The proofs offered in this case, although mostly circumstantial, were sufficient to justify the jury's finding of guilty.

## IV

No objection was registered to the people's statements in closing argument. Where a defendant fails to object in the trial court, but later alleges error on appeal on the basis of prosecutorial misconduct, the question posed for this Court is whether a cautionary instruction would have cured the alleged error. *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). If a cautionary instruction would have cured the error, this Court will not consider the matter further.

In the present case the prosecutorial remarks were improper in the context of the total argument. If a timely objection by defendant had been registered, and a curative instruction had been given, we believe such would have obviated any prejudice which accrued to defendant by such statements. Thus, we find no error under these circumstances.

Affirmed.