PEOPLE v ROBERSON

Docket No. 77-3575. Submitted February 14, 1979, at Detroit.—Decided May 21, 1979.

Clarence Roberson was found guilty, in Detroit Recorder's Court, Samuel H. Olsen, J., of first-degree criminal sexual conduct. Prior to trial defendant sought appointment of new counsel because of a dispute with his counsel. Upon a resolution of the dispute, the trial judge denied the motion for new counsel and trial proceeded with the previously appointed counsel. Defendant moved for suppression of defendant's prior criminal record. The trial judge, indicating that such motion was addressed to his discretion, denied the motion without further comment. Over objection, the complainant's mother was permitted to testify as to the statements made by complainant shortly after the occurrence of the assault. Defendant was sentenced to 70 to 110 years imprisonment, with the recommendation that he not be paroled for at least 50 years. Defendant appeals. *Held:*

1. The request for appointment of new counsel was properly denied, since the disagreement between defendant and counsel was resolved prior to trial.

2. Denial of the motion to exclude references to defendant's prior criminal record was proper since the trial judge recognized his discretion in admitting such evidence and since there is no affirmative misapplication of that discretion; there is no requirement that the trial judge discuss on the record the factors considered in such determination.

3. The testimony of complainant's mother was properly admitted under the res gestae exception of the hearsay rule.

4. The failure of the trial court to specifically instruct the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 148.
[2, 9] 29 Am Jur 2d, Evidence §§ 321, 333.
[3] 29 Am Jur 2d, Evidence §§ 719, 728.
[4] 75 Am Jur 2d, Trial § 725.
[5] 75 Am Jur 2d, Trial §§ 218, 219, 251.
[6] 75 Am Jur 2d, Trial § 305.
[7] 75 Am Jur 2d, Trial § 225.
[8] 21 Am Jur 2d, Criminal Law §§ 234, 525.

jury on identification of the defendant, in the absence of a request for the same, did not result in reversible error, since the jury was instructed that they must determine that defendant was the person who committed the charged offense.

5. The closing arguments of the prosecutor, taken as a whole, were not improper.

6. The sentence imposed, being within the statutory limits, will not be disturbed where the record indicates that defendant's individual circumstances were considered and there is no indication that defendant was punished for exercising his right to a trial.

7. The record fails to establish that defendant was denied effective assistance of counsel.

Affirmed.

D. C. RILEY, J., dissented. She would hold that the trial court must set forth on the record the criteria considered in its determination of whether or not to admit evidence of the defendant's prior criminal record. Since there is no record upon which the Court of Appeals can determine whether the trial court properly exercised its discretion, she would reverse defendant's conviction.

## OPINION OF THE COURT

1. CRIMINAL LAW — ATTORNEY AND CLIENT — COURT-APPOINTED COUNSEL — SUBSTITUTION OF COUNSEL.

A defendant's request for appointment of new counsel is properly denied where defendant's disagreements with counsel are resolved prior to trial.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — EXCLUSION OF EVIDENCE — DISCRETION — EXERCISE OF DISCRETION.

The failure of the trial court to discuss on the record the criteria considered in the decision to deny a motion to exclude references to defendant's prior criminal record does not establish reversible error where the trial court recognized its discretion in admitting such evidence and there is the absence of an affirmative misapplication of the criteria to be considered in the exercise of such discretion.

3. CRIMINAL LAW — EVIDENCE — HEARSAY — RES GESTAE.

Testimony of the mother of a victim of a sexual assault concerning statements made by the victim shortly after the assault are properly admitted under the res gestae exception to the hearsay rule as statements made when the victim was still under the strain of the incident.

4. Criminal Law — Instructions to Jury — Identification —
   Failure to Object.

   The failure of the trial court to instruct the jury specifically on
   the identification of the defendant does not result in reversible
   error where the trial court instructed the jury that they must
   determine beyond a reasonable doubt that the defendant was
   the person who committed the charged offense and where there
   was no request for further instructions as to identification.

5. Criminal Law — Prosecutor's Argument — Details of Offense.

   Repeated references by the prosecutor in closing argument to the
   details of the offense, although unnecessary, are not improper
   where such references are limited to the facts and are made
   using the phraseology of the witnesses.

6. Criminal Law — Prosecutor's Argument — Credibility —
   Inference from Testimony.

   Remarks by the prosecutor in closing argument concerning the
   dubious credibility of alibi witnesses is proper where such
   doubt is a fair inference drawn from their testimony.

7. Criminal Law — Prosecutor's Argument — Reasonable Doubt
   — Usurpation of Court's Role.

   A brief reference by the prosecutor in closing argument to the
   notion of "reasonable doubt" did not usurp the court's role in
   instructing the jury.

8. Criminal Law — Sentences — Statutory Limits — Individual
   Circumstances — Exercise of Right to Trial.

   A sentence within the statutory limits will not be disturbed
   where the record indicates that the defendant's individual
   circumstances were considered and there is no indication that
   the defendant was punished for exercising his right to a trial.

Dissent by Riley, J.

9. Criminal Law — Evidence — Prior Convictions — Exclusion
   of Evidence — Exercise of Discretion — Record on Appeal.

   *A trial court, in considering the admission of evidence of a
   defendant's prior criminal record for the purpose of impeach-
   ment, should set forth on the record the criteria considered in
   its decision so that an appellate court can ascertain whether
   the trial court's determination was a proper exercise of its
   discretion.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Michael R. Mueller,* Direc-
tor, Prosecutor's Repeat Offenders Bureau, and
*Larry L. Roberts,* Assistant Prosecuting Attorney,
for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR.,
and D. C. RILEY, JJ.

CYNAR, P.J. On May 11, 1977, defendant was
convicted by a jury of first-degree criminal sexual
conduct, a violation of MCL 750.520b(1); MSA
28.788(2)(1). On May 20, 1977, he was sentenced to
70 to 110 years imprisonment, with a recommen-
dation that he not be paroled for at least 50 years.
Defendant now appeals as of right.

Defendant's conviction arose out of events occur-
ring in the early morning hours of June 11, 1976.
Two days previously, the complaining witness,
Yvette Brown, age 14, had run away from home.
She feared her parents would punish her because
she had failed almost all of her classes at school.
On the evening of June 10, 1976, she boarded a
bus at Northland Shopping Center and stayed on
the bus until being told that the day's run had
ended. Upon alighting from the bus, she walked
toward a restaurant, but was accosted by a man,
later identified as defendant, who threatened her
with a gun. The two walked to an alley, where he
forced her to commit fellatio. They entered a
house, where he forced her again to commit fella-
tio. He then told her to go home and threatened to
kill her and her mother if she called the police.

Ms. Brown returned to her home, which was
located about two miles from the scene of the offense.
Upon arriving there, she told her mother what

had occurred. The police were notified, and Ms. Brown was taken to the area where the incident occurred. She identified the house where she had been taken and later identified defendant at a police lineup. Defendant was arrested at his home at 5:30 a.m. A handgun, found in his bedroom, was seized.

The police officer, who interviewed Ms. Brown that morning, took a statement from her that defendant had accosted her at about 9:50 p.m. on June 10, 1976. However, the complainant's mother testified, over objection, that her daughter had returned at about 1:30 or 2:00 a.m. and that her daughter had told her that she had left defendant's house 30 or 45 minutes earlier. At the preliminary examination, Ms. Brown adopted the later time as the time of the offense.

At trial defendant called Barbara Waters, an employee of the City of Detroit Department of Transportation, as a witness. She testified that bus number 24 was the only bus operating from Northland that ended its run on the evening of June 10, 1976. This bus went out of service at 10:57 p.m. Defendant also called three witnesses, who testified they were with him from 8:30 or 9:00 p.m. until about 11:30 p.m. in the evening in question.

Defendant initially contends that the trial judge erred in denying defendant's request for the substitution of counsel.

On the day of the trial, defense counsel brought to the trial judge's attention the existence of a dispute between him and his client. Defendant desired counsel to call three alibi witnesses to testify and also complained that no evidentiary hearing had been held to determine the admissibility of the gun and some clothing seized at the time of his arrest. In response, defense counsel agreed

to call the alibi witnesses and the trial judge held a pretrial hearing regarding the admissibility of the seized evidence. The judge also denied defendant's motion for the appointment of new counsel.

We find no error in the action taken by the trial judge. In order to be entitled to the appointment of a new counsel, defendant must show, among other things, a legitimate reason for asserting this right. *People v Charles O Williams,* 386 Mich 565, 578; 194 NW2d 337 (1972). Since defendant's complaints as to counsel's representation were resolved before trial, defendant failed to meet his burden of establishing the need for the appointment of substitute counsel. See for example *People v Bradley,* 54 Mich App 89, 94-96; 220 NW2d 305 (1974).

Defendant next contends that the trial judge abused his discretion in admitting evidence of defendant's prior felony convictions.

The decision to admit evidence of prior convictions is left to the discretion of the trial judge. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). When called upon to exclude evidence of prior convictions, a trial judge must recognize his discretion on the record, *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), and should exercise his discretion with reference to three specific criteria, *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).[1] Error has been found where

---

[1] In *Crawford,* the Court set out the criteria as follows:

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by

the trial judge places the burden on the defendant to justify exclusion, *People v McCartney,* 60 Mich App 620, 624; 231 NW2d 472 (1975), where the trial judge delegates the decision regarding admissibility to the parties, *People v Dennis Johnson,* 85 Mich App 181, 183-184; 270 NW2d 734 (1978), where the trial judge affirmatively indicates his belief that the defendant will be convicted if the prior convictions are put before the jury, *People v Crawford, supra,* and where the judge erroneously construes a factor to favor admission rather than exclusion, *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979).

In the present case, the trial judge recognized his discretion in admitting the evidence of defendant's prior convictions and indicated this on the record. Although the trial judge did not discuss the three criteria on the record, we do not read the prior case law as requiring a finding regarding these factors. Indeed, had the Supreme Court desired to impose such a rule on trial judges, it could have easily done so in *People v Baldwin, supra.* In the absence of an affirmative misapplication of the three criteria, we are unwilling to presume that the trial judge failed to consider the relevant criteria in admitting the evidence. Since the trial judge recognized and exercised his discretion in admitting the evidence, no error occurred.

Defendant next claims that the trial judge erred in admitting, over objection, the testimony of complainant's mother concerning the complainant's account of the incident. He claims this evidence was inadmissible hearsay. We disagree. This testimony falls within the res gestae exception to the

---

prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

hearsay rule, as the statement was made within 45 minutes of the sexual assault, at a time when the victim was still under the strain of the incident. *People v Spalding,* 42 Mich App 492, 499-500; 202 NW2d 450 (1972), overruled on other grounds in *People v Reed,* 393 Mich 342, 350-351; 224 NW2d 867 (1975). Furthermore, since the victim testified at trial, her mother's testimony concerning her prior account of the evidence was cumulative in nature and could not have prejudiced defendant. See *People v Carson,* 87 Mich App 163; 274 NW2d 3 (1978).

Defendant next contends that the trial judge erred in failing to instruct the jury on the issue of identification. The trial transcript indicates that the jury was instructed that they must determine beyond a reasonable doubt that defendant was the person who committed the charged offense. No request for further instructions on this subject was made by defense counsel. Under these circumstances, no error occurred. *People v Manuel Johnson,* 58 Mich App 347, 355-356; 227 NW2d 337 (1975).

Defendant next argues that the prosecutor's closing argument contained numerous prejudicial remarks. We conclude that no error occurred. No objection was made to these comments at trial. The prosecutor's repeated references to the details of the offense, although unnecessary, were limited to the facts and were made using the phraseology of the witnesses at trial. The remarks concerning the dubious credibility of the alibi witnesses offered by defendant was a fair inference drawn from their testimony, *People v Caldwell,* 78 Mich App 690, 692; 261 NW2d 1 (1977). Nor did the brief reference to the notion of "reasonable doubt" in any way usurp the court's role in instructing

the jury. *People v Adams,* 48 Mich App 595, 603; 210 NW2d 888 (1973).

Defendant also alleges that the trial judge erred at sentencing by imposing a sentence merely on the basis of the nature of the offense and not on the basis of defendant's own unique characteristics. He further claims that he was punished for exercising his right to a trial. These arguments are totally without merit. The record indicates that the trial judge considered defendant's past record and imposed a sentence commensurate thereto. Since the sentence imposed falls within the statutory limits, we decline to disturb it. *People v McLott,* 70 Mich App 524, 527; 245 NW2d 814 (1976). Nor does the record in any way support defendant's claim that he was punished for exercising his right to a trial in this case.

Defendant's final contention is that he was denied the effective assistance of counsel at trial. He asserts 11 different errors or omissions he claimed were committted by defense counsel. Several of these, such as the content of the opening statement and the decision to eschew instructions on lesser-included offenses, relate to trial strategy and will not support a claim of ineffective assistance of counsel. *People v Malchi White,* 81 Mich App 226, 229; 265 NW2d 100 (1978). Our review of the other alleged deficiencies leads us to conclude that no violation of the standard set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), occurred.

Affirmed.

D. E. HOLBROOK, JR., J., concurred.

D. C. RILEY, J. *(dissenting).* I write separately in order to express my disagreement with the majority's conclusion that a trial judge is not required to

balance the factors enunciated in *People v Jackson,* 391 Mich 323, 333; 217 NW2d 22 (1974), and *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), *on the record.* Judicial consideration in an area of law which results in the promulgation of carefully demarcated guidelines should not be rendered nugatory by cursory reference to the discretionary nature of an activity required of trial judges, but should rather involve a legitimate attempt to gauge the prejudicial and probative impact of admitting felony convictions for impeachment purposes. As *People v Crawford, supra,* at 38 noted, the rule "envisions a true exercise of discretion by balancing the competing factors involved". While it is correct that no Michigan case has yet expressly required an on-the-record discussion of the *Jackson-Crawford* components, it seems rather anamolous, indeed, that trial judges should be admonished to consider and balance those elements as part of their decision-making process, and yet provide no method for ensuring by way of appellate review that those requirements are complied with. The rule as it stands effectively shields trial court impeachment determinations from review by a higher court. The present case serves as a sufficient example. Before empaneling the jury, defendant moved to suppress the admission of his prior felony convictions. The record offers the following dialogue:

"THE COURT: Are there any other matters?

"MR. ZACK *[Defense Attorney]:* Yes, I would move to suppress the prior record of the defendant in this matter.

"THE COURT: Now what is his prior record?

"MR. ZACK: His prior record—I don't have a copy of it. The prosecutor has.

"MR. BAHEN *[Assistant Prosecuting Attorney]:* The

prior record indicates he was convicted of assault with
intent to rape on January 11 of 1966. He has a sodomy
charge—excuse me—a charge of sodomy. He was con-
victed of gross indecency in December 23rd, 1970. He
has a receiving and concealing stolen property Decem-
ber 3rd, 1970. That's the extent of his record.

"We have one case pending which is not part of this
record.

"THE COURT: The Court makes the following rul-
ings:

"All misdemeanor convictions are hereby suppressed.

"As far as felony convictions, that's a discretionary
matter with the Court. I'll permit the prosecuting attor-
ney to show any felony convictions if the defendant
takes the witness stand."

The trial judge's perfunctory disposition followed
immediately after he was informed by the prosecu-
tion of defendant's previous record. Although the
court recognized its power of discretion, the record
is barren of any evidence that the *Jackson-Craw-
ford* factors were considered (or any showing that
the court was cognizant of them). Nor, as the
passage of time between the trial judge's aware-
ness of defendant's felony record and his decision
to admit the convictions indicates, was there suffi-
cient time to support even an inference that any
balance of considerations occurred. Here, defen-
dant had three previous felony convictions, all of
which were at least six years old. Two were for
sexual offenses, one occurring 11 years before the
present trial. *People v Jackson, supra,* cautioned
against the danger inherent in the admission of
similar crimes for impeachment purposes, and
indicated that the trial courts were to be guided in
the exercise of their discretion by the criteria
discussed in *Gordon v United States,* 127 US App
DC 343; 383 F2d 936 (1967), and *Luck v United*

*States,* 121 US App DC 151; 348 F2d 763 (1965).
*Gordon* included the following excerpt:

"A special and even more difficult problem arises
when the prior conviction is for the same or substan-
tially the same conduct for which the accused is on
trial. Where multiple convictions of various kinds can
be shown, strong reasons arise for excluding those
which are for the same crime because of the inevitable
pressure on lay jurors to believe that 'if he did it before
he probably did so this time.' *As a general guide, those
convictions which are for the same crime should be
admitted sparingly; one solution might well be that
discretion be exercised to limit the impeachment by
way of a similar crime to a single conviction and then
only when the circumstances indicate strong reasons for
disclosure, and where the conviction directly relates to
veracity."* 127 US App DC at 347. (Emphasis supplied.)

It should further be noted that defendant elected
not to take the stand as a result of the court's
decision. But again, no weight was given these
considerations by the lower court.

In sum, if the *Jackson-Crawford* criteria are to
exist as something more than an ineffectual assem-
blage of hollow directives, care should be taken, by
means of an on-the-record deliberation, that their
requirements are given full consideration. Inas-
much as defendant may have been precluded from
testifying due to the court's faulty impeachment
inquiry, as he made no inculpatory statements,
nor was any physical evidence tying him to the
offense produced, I cannot conclude that the error
was harmless beyond a reasonable doubt.[1] *People v*

---

[1] To this may be added the rule that the people, not the defendant,
must justify to the court the use of prior convictions for impeach-
ment. *People v Crawford,* 83 Mich App 35, 38; 268 NW2d 275 (1978),
*People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975). The
transcript discloses nothing by way of prosecutorial argument in favor
of their admission.

*Robinson,* 386 Mich 551; 563; 194 NW2d 709 (1972), *People v Sherman Hall,* 77 Mich App 456, 461; 258 NW2d 517 (1977), *lv den* 402 Mich 909 (1978), *People v Heard,* 58 Mich App 312, 316; 227 NW2d 331 (1975), *lv den* 400 Mich 812 (1977). Defendant's conviction should be reversed.